In the Matter of Jerry L. HEINS, Debtor.

Bankruptcy No. 1–87–02568.

United States Bankruptcy Court, S.D. Ohio, W.D.

March 8, 1988.

Thaddeus A. Muething, Cincinnati, Ohio, for debtor, Jerry L. Heins.

Norman L. Slutsky, Cincinnati, Ohio, for trustee, Norman L. Slutsky.

## ORDER RE: DEBTOR'S CLAIMED EXEMPTION IN PROCEEDS OF LIFE INSURANCE POLICY

RANDALL J. NEWSOME, Bankruptcy Judge.

This Chapter 7 case is before the Court pursuant to the trustee's objection to the debtor's claimed exemption in the proceeds of a life insurance policy issued to the debtor's stepfather, and under which the debtor was named beneficiary.

A hearing on the trustee's objection and the debtor's response thereto was conducted on December 14, 1987, and briefs were filed thereafter.

The facts are not in dispute. The debtor, Jerry Heins, was the stepson of one Harold

W. Atherton. Mr. Atherton named Mr. Heins as beneficiary under a group life insurance policy provided to Atherton by his employer, General Motors Corporation. Prior to the filing of the debtor's bankruptcy petition Mr. Atherton died and the debtor was paid $4,886.15 by the insurance company. The parties have stipulated that the debtor was not a dependent of the deceased.

Mr. Heins now claims the entire sum exempt under the provisions of Ohio Revised Code §§ 2329.66(A)(6)(c).

That section provides that

"[T]he person's interest in a policy of group insurance or the proceeds of such a policy, as exempted by section 3917.05 of the Revised Code,"

is beyond the reach of creditors. Revised Code section 3917.05, referred to above, provides that

No policy of group insurance, nor the proceeds thereof, when paid to any employee thereunder, is liable to attachment, garnishment, or other process, or to be seized, taken, appropriated, or applied by any legal or equitable process or operation of law, to pay any liability of such employee, his beneficiary, or any other person who may have a right thereunder, either before or after payment.

As both parties have noted, and the Court confirms, there is no available case law interpreting O.R.C. § 3917.05. In order to understand this section, it must be read together with § 3911.10,[1] the statute exempting a debtor's individual life insurance policy and its proceeds, and in the context of § 2329.66's general exemption scheme.

The purpose of Ohio's general exemption statute, as it applies to debtors in bankruptcy is "to provide ... the necessary 'fresh start' to regain self-respect and resume a productive role in the economy." *In re Bloom,* 5 B.R. 451, 453 (Bankr.N.D. Ohio 1980). The insurance exemptions found at § 2329.66(A)(6)(c) & (d), i.e., §§ 3911.10 and 3917.05, when read togeth-

er, appear to provide protection to a debtor, a debtor's spouse, child or other dependent relative, or creditor named as beneficiary, thus primarily evidencing a legislative intent to benefit the insured debtor and those dependent upon him. When such intended beneficiaries of the exemption no longer exist, then the purpose of the statute also ceases. As noted in *Hoffman v. Weiland,* 64 O.App. 467, 471, 18 O.O. 206, 208, 29 N.E.2d 33, 35 (1940), when "the allowance of the exemption would protect none and would defeat a creditor, the right ceases to exist."

In the case before us, the trustee objects to the claimed exemption, asserting that since the proceeds of the policy were paid directly to the beneficiary and were not "paid to any employee" as required by § 3917.05, the debtor is prohibited from claiming the exemption.

The debtor argues that rather than concentrating on the "when paid to any employee" language the Court should look to the provision stating that no policy or proceeds thereof shall be "seized, taken, appropriated, or applied by any legal or equitable process or operation of law, to pay any liability of such employee, [or] *his beneficiary ...*" (emphasis supplied).

The correct focus of the inquiry is whether Mr. Heins is of the class intended to be protected by the insurance exemption provisions.

Reading these statutes together, we find a clear policy of protecting an *insured debtor, dependents* of the insured debtor, and creditors of the insured debtor for whose benefit the policy or its proceeds was assigned, from attempts by the creditors of the insured debtor to pursue the policy or its proceeds in satisfaction of their claims. Despite the phrase in § 3917.05 indicating that liabilities of the beneficiary may not be paid out of the proceeds of a life insurance policy, we do not believe that the legislature intended to give the same protection to a beneficiary

---

1. The inclusion of § 3917.05 as part of § 2329.66 appears to clarify that group life in-

surance, as well as individual life insurance, is granted exempt status.

who becomes a debtor as it did to an insured who becomes a debtor.

At least one commentator agrees with this view. In Nadler, *Exemptions,* 16 Ohio St.L.J. 63, 68–69 (1955), the author, in explaining § 3911.10, states that

All policies of insurance and endowment or annuity contracts on the life of a debtor taken out for the benefit of or made payable, by change of beneficiary, transfer, or assignment, to his wife, children, dependent relative, creditor, or to a trustee for the benefit of any of them, are exempt from the clams of the insured's creditors. The proceeds of such policies or contracts, which include their cash surrender value, interest, and accumulated dividends, are also exempt under this provision, but only until the death of the insured. When the policy matures and the proceeds are paid to the beneficiary, this protection ceases, and the funds are no longer exempt under this provision as insurance or proceeds.

Insurance policies and proceeds are exempt only as long as the beneficiary is one of the class named in the statute.

In *In re Howard,* 6 B.R. 220 (Bankr.S.D. Ohio 1980), Judge Anderson dealt with the question of whether an insurance policy on the life of the debtor/wife could be claimed exempt in the wife's estate, where ownership of the policy had not been disclosed in the schedules or during the § 341 meeting of creditors, and was not disclosed until the death of the wife. While ruling that the exemption to the wife's estate was lost due to the concealment, the Court added

Even though not addressed in the briefs, the questions seem presented as what, if any, exemptions could be claimed by the beneficiary [debtor/husband]. The policy as such is not exempt in his estate. We conclude, nevertheless, that he can claim an exemption under the "any property" exemption of Ohio Revised Code § 2329.66(A)(17).

6 B.R. 220, 223. It should be noted that the Court specifically found "no evidence whatever to indicate that the husband was dependent upon his deceased wife for support." *Id.,* at 222. Thus it would appear that at best, a debtor who is a non-dependent beneficiary can claim exempt $400 of the amount paid to him under a life insurance policy.[2]

We would also note that the federal exemption statute under the bankruptcy code specifically addresses the distinction between ownership rights and beneficiary rights in life insurance. A debtor's exemption rights in unmatured life insurance contracts which he owns, are set forth in § 522(d)(7) and (8). (*See, In re Poynor,* 68 B.R. 919 (Bankr.N.D.Tex.1987) for explanation of federal life insurance exemptions.) A beneficiary's rights are set forth in § 522(d)(11)(C), which provides that a debtor who is a dependent beneficiary may exempt any payment under a life insurance policy to the extent reasonably necessary for the support of the debtor and any dependent of the debtor. No provision is made for non-dependent beneficiaries.

The Ohio legislature, for whatever reason, has not set forth the distinctions so clearly in its statute, but we believe its policy is the same. Non-dependent beneficiaries may not claim an exemption in a matured life insurance policy or its proceeds under O.R.C. § 2329.66(A)(6)(c). To allow the exemption would provide not so much a fresh start, but a head start.

For the foregoing reasons, we hereby GRANT the Trustee's objection to the Debtor's claimed exemption under O.R.C. § 2329.66(A)(6)(c). The Debtor will be allowed to amend his Schedule B–4 exemptions to claim $400 exempt pursuant to O.R.C. § 2329.66(A)(17). The Debtor shall

---

2. Under one provision of Ohio law, § 3911.14, proceeds of a matured life insurance policy payable to a beneficiary are exempt from the claims of the beneficiaries' creditors, so long as the insurance contract so provides and the beneficiary is someone other that the insured. Unfortunately for Mr. Heins, the Ohio legislature has not encompassed this provision within § 2329.66.

 

have ten days from the date of this order to file such amendment with the Court.

IT IS SO ORDERED.