**In re Sharon A. NORTH, Debtor.**

**Arnold S. WHITE, Trustee, Plaintiff,**

v.

**Sharon A. NORTH, Defendant.**

**Bankruptcy No. 2–88–02595.**
**Adv. No. 2–89–0150.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Dec. 4, 1989.

William A. Semons, Columbus, Ohio, for debtor/defendant.

Arnold S. White, Columbus, Ohio, Trustee/Plaintiff.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio, Asst. U.S. Trustee.

ORDER GRANTING PLAINTIFF'S MO-TION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MO-TION FOR SUMMARY JUDGMENT

R. GUY COLE, Jr., Bankruptcy Judge.

### I. *Preliminary Statement*

This matter is presently under consideration by the Court upon the Motion for Summary Judgment ("Motion") filed by Arnold S. White, the duly-appointed trustee ("Trustee") in the Chapter 7 case of *In re Sharon North*, Case No. 2–88–02595. A Motion for Summary Judgment ("Cross–Motion") also was filed by Sharon A. North, the debtor/defendant ("Debtor") in this proceeding.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this judicial district. This is a core proceeding which the Court may hear and determine in

accordance with 28 U.S.C. § 157(b)(1) and (2)(E).

## II. *Statement of Uncontested Facts*

The Motions filed by the parties are premised upon the following undisputed facts:

1. On May 19, 1988, the Debtor filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

2. The Debtor's father died within 180 days of the filing of the Debtor's Chapter 7 petition.

3. As a result of his death, the Debtor received the proceeds of a group life insurance policy insuring the life of Debtor's father in the amount of $5,809.26.

4. At both the time of her father's death and the time of the filing of the bankruptcy petition, the Debtor was employed by BancOhio. The Debtor was neither a dependent of her father nor owner of the insurance policy at any period relevant to this proceeding.

5. The Debtor claimed the insurance proceeds as an exemption on Schedule B–4 of the bankruptcy petition. She did not, however, amend Schedule B–2 of the Chapter 7 petition to include the newly-acquired property as an asset of the estate.

6. The Trustee filed the "No–Asset" report on June 27, 1988, pursuant to which the Court, on November 7, 1988, entered its Order Approving Trustee's Final Account, Finding Property of Debtor No Longer Property of the Estate, Discharging Trustee and his Surety, and Closing the Estate ("Order").

7. The Court granted the Debtor's Chapter 7 discharge on October 3, 1989.

8. On March 31, 1989, the Trustee filed a "Motion to Reopen Estate." Upon the court's approval, the Trustee commenced the present adversary proceeding against the Debtor, pursuant to 11 U.S.C. § 542(a), for turnover of estate property on April 10, 1989.

9. Upon the advice of her attorney, the Debtor has deposited the insurance proceeds in an escrow account pending the decision of this Court as to whether the Debtor may claim these funds as exempt.

## III. *Arguments of the Parties*

The gravamen of the Trustee's complaint alleges that the insurance proceeds received by the Debtor within 180 days of her bankruptcy petition constitute property of the estate. The Trustee requests this Court, in accordance with § 542(a), to order the Debtor to surrender and deliver possession of the aforementioned sum of $5,809.26 to the Trustee, or alternatively, for turnover of the value of the property in the amount of $10,000.00, as well as court costs incurred. The Debtor concedes that although she has received the sum of $5,809.26, as beneficiary of her father's group term life insurance, these proceeds are exempt pursuant to Ohio Revised Code ("O.R.C.") §§ 2329.66(A)(6)(c) and 3917.05. Accordingly, because the insurance proceeds are exempt, Debtor argues, they are not subject to the Trustee's request for turnover.

## IV. *Legal Discussion*

Based upon the uncontested facts enumerated above, both the Trustee and the Debtor contend that they are entitled to judgment as a matter of law. *See* Bankruptcy Rule ("B.R.") 7056. B.R. 7056(c), which is identical in all respects to Federal Rule of Civil Procedure 56(c), provides as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (emphasis in original); *Kendall v. The Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984).

The function of a motion for summary judgment is analogous to that of a motion for directed verdict. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Anderson*, 477 U.S. at 251, 106 S.Ct. at 2512.

> The primary difference between the two motions is procedural; summary judgment motions are usually made before trial and decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted. *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n. 11 [103 S.Ct. 2161, 2171 n. 11, 76 L.Ed.2d 277] (1983). In essence, though, the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law.

Therefore, if all the parties move for directed verdicts, the court is not warranted in withdrawing the case from the jury if any genuine disputed issue of fact exists. 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice*, Para. 56.13 (2d ed. 1988).

Following this reasoning, a parallel principle has emerged with respect to summary judgment procedures. The well-settled rule is that cross-motions for summary judgment do not warrant the court in granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law upon facts that are not genuinely disputed. *Socialists Labor Party v. Rhodes*, 318 F.Supp. 1262 (S.D.Ohio 1970), *appeal dismissed*, 406 U.S. 583, 92 S.Ct. 1716, 32 L.Ed.2d 317 (1972); *Hart v. Johnston*, 389 F.2d 239 (6th Cir.1968); *Begnaud v. White*, 170 F.2d 323 (6th Cir.1948); *TEC Corp. v. Nuclear Dynamics, Inc.*, 364 F.Supp. 1165 (E.D.Ky.1973); *Abraham v. United States*, 272 F.Supp. 807 (W.D.Tenn. 1967), *aff'd.*, 406 F.2d 1259 (1969).

■ When a motion for summary judgment is submitted, the movant bears the burden of showing that the facts, which would mandate a favorable judgment under applicable substantive law principles, are indisputable. *Page v. Work*, 290 F.2d 323 (9th Cir.1961), cert. denied, 368 U.S. 875, 82 S.Ct. 121, 7 L.Ed.2d 76 (1961). It is not, however, axiomatic that a movant's failure to meet that burden entitles the opposing party, who must also satisfy the same burden as to its motion, to summary judgment.

> ... Whoever has the burden of proof will lose if he fails to sustain it. Here, however, if I should decide that plaintiffs have not sustained the burden of proof, it does not follow that defendants can get summary judgment ...
>
> This, I hope, will lay the ghost of an assumption which seems to be common at the bar that once both parties move for summary judgment the court is bound to grant it to one side or the other. The law is otherwise.

*Steinburg v. Adams*, 90 F.Supp. 604, 608 (S.D.N.Y.1950). With this principle in mind, the court views each motion in light of the standards customarily considered in determining the availability of summary judgment to a litigant.

In pursuing its motion for summary judgment, the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in light most favorable to the opposing party." *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). *Accord Adams v. Union Carbide Corp.*, 737 F.2d 1453, 1455–56 (6th Cir.1984), *cert. denied*, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1985). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party against whom the motion is asserted. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Assoc., Inc.*, 630 F.2d 1155, 1158 (6th Cir.1980). Further, "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. *Adickes*, 398 U.S. at 157–60, 90 S.Ct. at 1608–10; *Smith v. Hudson*, 600

F.2d 60, 65 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

■ Where, then, it is unequivocated that there is no dispute as to the facts which would justify judgment for one of the parties, the court may properly sustain that party's motion. *Baker v. G.C. Servs.,* 677 F.2d 775 (9th Cir.1982); *Mourning v. Family Publications Serv., Inc.,* 411 U.S. 356, 362 n. 16, 93 S.Ct. 1652, 1657 n. 16, 36 L.Ed.2d 318 (1973); *Walling v. Richmond Screw Anchor Co.,* 154 F.2d 780, 784 n. 1 (2d Cir.1946), *cert. denied,* 328 U.S. 870, 66 S.Ct. 1383, 90 L.Ed. 1640 (1946). On the other hand, if it is not clearly established that no dispute as to the facts exists, then the Court is not at liberty to grant the motion, even though each side has moved for summary judgment in its favor. *See Truncoe v. Blumberg,* 8 F.R.D. 492 (S.D.N.Y.1948).

■ Applying the foregoing principles to the instant case, the Court finds that the Trustee's motion for summary judgment should be granted. Essentially, the Trustee, relying on *In re Heins,* 83 B.R. 504 (Bankr.S.D.Ohio 1988), alleges O.R.C. § 2329.66(A)(6)(c), read in conjunction with O.R.C. 3917.05, does not permit a nonde-pendent beneficiary to claim an exemption in a matured life insurance policy or proceeds thereof. Section 2329.66(A)(6)(c) provides, in pertinent part, as follows:

"[T]he person's interest in a policy of group insurance or the proceeds of such a policy, as exempted by section 3917.05 of the Revised Code,"

is beyond the reach of creditors. Revised Code § 3917.05, mentioned above, states as follows:

No policy of group insurance, nor the proceeds thereof, when paid to any employee thereunder, is liable to attachment, garnishment, or other process, or to be seized, taken, appropriated, or applied by any legal or equitable process or operation of law, to pay any liability of such employee, his beneficiary, or any other person who may have a right thereunder, either before or after payment.

The Trustee concedes that the purpose of these statutes is to allow the debtor a "fresh start." *See In re Bloom,* 5 B.R. 451, 453 (Bankr.N.D.Ohio 1980). The insurance exemptions afford protection to the debtor and those individuals dependent upon the debtor for support. However, the Trustee argues, the intent of the statutes was not to permit a non-dependent debtor a windfall at the expense of his or her creditors. Allowing the exemption would provide the Debtor with a "head start."

In *Heins,* the Chapter 7 trustee objected to the debtor's claimed exemption in the proceeds of a life insurance policy, issued to the debtor's stepfather, and in which the debtor was named beneficiary. The court concluded that after reading the pertinent statutes, it was evident that the legislature had expressed a clear policy of protecting an *insured debtor, dependents* of the insured debtor, and creditors of the insured debtor for whose benefit the policy or its proceeds "from attempts by the creditors of the insured debtor to pursue the policy or its proceeds in satisfaction of their claims." *Heins* at 505. (emphasis in original). The *Heins* court found that the legislature did not intend to afford the same protection to a beneficiary, who becomes a debtor, as it did to an insured, who becomes a debtor. *Id.* at 505–06.

In the Debtor's cross-motion for summary judgment, she urges this Court to disregard the holding in *Heins.* The Debtor makes the bald assertion that the court in *Heins* "inappropriately engrafted the dependency requirements of O.R.C. § 3917.10 and 11 U.S.C. § 522(d)(11)(C) on O.R.C. § 3917.05." Memorandum at 4. After reaching this conclusion, however, the Debtor failed to support the allegation with legal argument, case law, or legislative history. The Court is not pursuaded by mere conclusory remarks and, as such, the Debtor's motion is not well-taken.

The Court finds the analysis in *Heins* to be well reasoned and thorough. Accordingly, this Court has elected to adopt its conclusions of law as they apply to the present case. In short, because there appears to be no genuine issue of material

**184**

fact, the Court, by embracing the rationale in *Heins*, finds that the Trustee is clearly entitled to judgment as a matter of law.

Based upon the foregoing, the motion for summary judgment filed by the Trustee is hereby GRANTED and Debtor is thus required to turnover the sum of $5,809.26, together with applicable interest, to the Trustee.

IT IS SO ORDERED.