**In re Marion Florence FICK, Debtor.**

**Bankruptcy No. 00–30317.**

United States Bankruptcy Court,
W.D. North Carolina,
Charlotte Division.

May 26, 2000.

A. Burton Shuford, Shuford, Hunter & Brown, P.A., Charlotte, NC, trustee.

James C. Hord, Charlotte, NC, for debtor.

## ORDER DENYING EXEMPTION

J. CRAIG WHITLEY, Bankruptcy Judge.

This matter came on for hearing before the undersigned on May 11, 2000, upon the Trustee's Objection to Debtor's Claim of Exemptions. Based on said hearing and the official Court file, the Court makes the following:

### FINDINGS OF FACT

The few facts before the Court are undisputed. The Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code on February 16, 2000. The Debtor's schedules listed a gross monthly income of $1,350.50. This amount included $562.50 listed as a "Surviving Spouse" payment.

As originally filed, the Debtor's claimed exemptions did not include any reference to Surviving Spouse income. The Debtor subsequently amended her petition and claimed the proceeds of a survivor benefits policy with Met Life as exempt under NCGS § 58–58–165. The Debtor's late husband established the group insurance policy with Met Life and named the Debtor as beneficiary.

The Trustee challenges the claimed exemption on the grounds that § 58–58–165 does not afford exempt status to group insurance proceeds in the hands of a beneficiary.

### CONCLUSIONS OF LAW

North Carolina General Statutes § 58–58–165 states, in pertinent part:

No policy of group insurance, nor the proceeds thereof, when paid to any employee or employees thereunder, shall be liable to attachment, garnishment, or other process, or to be seized, taken, appropriated or applied by any legal or equitable process or operation of law, to pay any debt or liability of such employee, or his beneficiary, or any other person who may have a right thereunder, either before or after payment;

The Trustee maintains that only group insurance proceeds "paid to any employee or employees thereunder" are protected from creditors' claims under this provision. Since the benefits in this case are paid directly to the Debtor as beneficiary, she is precluded from claiming the exemption under the Trustee's interpretation of the statute. The Debtor, on the other hand, points out that § 58–58–165 protects group benefits from seizure to pay the debts of an employee "or his beneficiary." Thus, she argues, her benefits are exempt under the plain language of the statute.

The contradictory text of § 58–58–165 supports either party's reading. However, the undersigned agrees with the analysis in *In re Heins*, 83 B.R. 504 (Bankr. S.D.Ohio 1988). There, when interpreting a nearly identical exemption statute,[1] the court stated that the correct inquiry is whether the claimant "is of the class intended to be protected by the insurance exemption provisions." *Id.* at 505.

The debtor in *Heins* was the beneficiary of a group life policy established by his step-father. The step-father died prior to the bankruptcy filing, and the debtor attempted to exempt the entire benefits amount he received from the insurance company. In reviewing Ohio's group insurance exemption provisions, the bank-

---

1. The statute at issue in *Heins* stated:
    No policy of group insurance, nor the proceeds thereof, when paid to any employee thereunder, is liable to attachment, garnishment, or other process, or to be seized, taken, appropriated, or applied by any legal or equitable process or operation of law, to pay any liability of such employee, his beneficiary, or any other person who may have a right thereunder, either before or after payment.
    Ohio Rev.Code Ann. § 3917.05.

ruptcy court noted a legislative policy of protecting an insured debtor and his or her dependents from attempts by creditors of the insured debtor to pursue the policy proceeds in satisfaction of their claims.

However, the court distinguished the situation where a group policy beneficiary becomes a debtor, and attempts to exempt the same funds from the collection efforts of his or her creditors. The court stated:

> Despite the phrase. ... indicating that liabilities of the beneficiary may not be paid out of the proceeds of a life insurance policy, we do not believe that the legislature intended to give the same protection to a beneficiary who becomes a debtor as it did to an insured who becomes a debtor.

*Id.* at 505–06; *See also* Nader, *Exemptions,* 16 Ohio St.L.J. 63, 68–69 (1955) (stating that insurance and annuities are generally exempt from claims of insured's creditors, but that the same protection does not extend to beneficiaries).

This Court has found only one case interpreting the North Carolina statute, but that opinion is entirely consistent with the analysis in *Heins.* In *First National Bank of Shelby v. Dixon,* 38 N.C.App. 430, 248 S.E.2d 416 (1978), the defendant was the beneficiary of two insurance policies established by her late husband. Pursuant to state and federal law, the insurance proceeds were included in the decedent's gross estate for tax purposes. The plaintiff bank, as estate administrator, then brought a declaratory judgment action to determine if the defendant was liable for any portion of the taxes incurred by the insurance proceeds. The defendant argued *inter alia* that the funds were exempt under the predecessor of § 58–58–165 (NCGS § 58–213).

The Court of Appeals found that the exemption applied only to obligations of the insured decedent:

> The proceeds of the policies in the case before us, although derived from group life insurance programs, were not paid

to the decedent, but to his wife. No levy or execution of these proceeds is sought to satisfy any obligation *of the decedent;* therefore, this statute is not applicable to this case.

*Id.* at 436, 248 S.E.2d at 420 (emphasis added).

Based on the foregoing authorities, this Court holds that § 58–58–165 protects group insurance proceeds from claims by creditors of the insured employee only. The group policy proceeds in the present case are paid to the Debtor rather than the insured party. The Debtor also seeks to protect the proceeds from her own creditors, instead of the creditors of her late spouse. As a result, the Met Life group policy naming the Debtor as beneficiary and any proceeds therefrom are not exempt as to creditors of the Debtor.

**THEREFORE, IT IS ORDERED:** the Debtor's claim of exemption under NCGS § 58–58–165 is hereby DISALLOWED.