In re: Donald C. **LEWIS,** Louvonn **Lewis, Debtor.**

No. 04–36219.

United States Bankruptcy Court, S.D. Ohio, Western Division.

July 19, 2005.

---

Louvonn Lewis, Middletown, OH, Debtor.

Elizabeth Ann Yauch, Trenton, OH, for the Debtor.

---

## DECISION ON ORDER GRANTING DEBTOR'S EXEMPTION IN GROUP LIFE INSURANCE PROCEEDS AND DENYING THE TRUSTEE'S MOTION TO COMPEL TURNOVER OF PROPERTY

THOMAS F. WALDRON, Bankruptcy Judge.

### Procedural Background

On July 20, 2004, Donald C. Lewis and Louvonn Lewis filed a joint chapter 7 petition. (Doc. 1) On November 8, 2004, Donald C. Lewis died. (See Doc. 36) On February 23, 2005, the Trustee, Ruth Slone, filed a Motion to Compel Turnover of Property. (Doc.19). The Motion (Doc.19) sought the turnover of group life insurance proceeds paid to Mrs. Lewis because these proceeds were acquired within 180 days of the filing of the petition. See 11 U.S.C. § 541(a)(5)(C).

A lengthy recital of the multiple amendments, objections and procedural issues in the early stages of this case is not necessary for this decision. Suffice it to say that after multiple filings by both parties, the creditor filed her final amended Schedule C adding Ohio Revised Code §§ 2329.66(A)(6)(c) and 3917.05 to the exemptions previously claimed (Doc. 28), the Trustee filed an objection to the debtor's claim of exemptions (Doc. 33) and the Debtor filed a response. (Doc. 38).

Following a pretrial conference, at which the parties agreed that the issues presented were issues of law and no evidentiary hearing would be required, the court entered an order, which fixed the date for the parties to file an agreed statement of facts and any final memoranda. ( Doc. 42) On June 3, 2005, the parties filed their Stipulation of Facts. (Doc. 44) In addition, the parties filed "Support Documents"—

which contain an agreed set of documents related to the pending issue. (Doc. 59)[1]

### Stipulated Facts

The parties agreed to the following set of facts (Doc.44):

1. Debtors Donald C. Lewis and Louvonn Lewis were, at the time of filing, husband and wife.

2. Debtors filed a joint Chapter 7 Bankruptcy Petition on July 20, 2004.

3. The Lewis' only income at the time of filing was Donald C. Lewis' retirement pension check from AK Steel Corporation and his Social Security.

4. Louvonn Lewis was not employed outside of the home at the time of filing, nor has she been employed outside of the home for approximately 15 years.

5. Donald C. Lewis retired from AK Steel Corporation on or about June 30, 2001.

6. As part of that retirement package, Donald C. Lewis was entitled to continue to benefit from a group life insurance policy on his life in the amount of $26,500.

7. This policy was provided as a benefit of Mr. Lewis' employment with, and later retirement from, AK Steel Corporation with a policy from the Equitable Life Insurance Company, which was later assumed by Connecticut General Life Insurance Company.

8. Louvonn Lewis, Donald Lewis' wife, was the named beneficiary of the proceeds of this life insurance policy.

9. Donald C. Lewis named Louvonn Lewis as his beneficiary for these life insurance proceeds on or about May 7, 1969.

10. Donald C. Lewis died November 8, 2004.

11. *At all times relevant, Louvonn Lewis was a dependent of Donald C. Lewis.*

12. On or about December 22, 2004, Louvonn Lewis received a letter from AK Steel Corporation with a draft attached in the amount of $26,567.01 from the Connecticut General Life Insurance Company, which represents final settlement of the life insurance claim on Mr. Lewis, deceased.

13. At all relevant times, AK Steel was the Policyholder of the subject group life insurance policy.

(Doc. 44) (underlining added).

### Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

### Issue

The issue in this case is whether Ohio Revised Code § 2329.66(A)(6)(c) and § 3917.05, which provides an exemption for group life insurance proceeds paid to an employee, the deceased Debtor, Donald C. Lewis, also provides an exemption for a dependent beneficiary, the surviving Debtor, Louvonn Lewis?

### DETERMINATION

The group life insurance proceeds in the initial amount of $26,567.01, currently being held subject to this Court's determination, are, pursuant to Ohio Revised Code §§ 2329.66(A)(6)(c) and 3917.05, a properly claimed and allowed exemption of the de-

---

**1.** For clarity of the record, the court notes the parties moved to withdraw documents 45—58. (Doc. 60). The motion is granted. The parties re-filed these same documents as part of Doc. 59.

pendent Debtor, Louvonn Lewis, and are not subject to turnover to the chapter 7 Trustee.

### Analysis

■ Ohio has chosen to "opt-out" of the federal exemptions, and, therefore, exemptions available to debtors in Ohio are based on Ohio law. *In re Young,* 93 B.R. 590, 593 (Bankr.S.D.Ohio 1988). It is a settled law that Ohio exemption provisions are to be construed liberally in favor of the debtor and a debtor's dependents and any doubt in interpretation should be in favor of granting the exemption. See *In re Peacock,* 292 B.R. 593, 595 (Bankr.S.D.Ohio 2002) (collecting cases). Against these established exemption principles, the court considers Mrs. Lewis' entitlement to exempt the group life insurance proceeds.

■ Ohio Revised Code § 2329.66(A)(6)(c) states that:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

\* \* \* \* \* \*

(6)(c) The person's interest in a policy of group insurance or the proceeds of a policy of group insurance, as exempted by section 3917.05 of the Revised Code[.]

Ohio Revised Code § 3917.05 states that: No policy of group insurance, nor the proceeds thereof, when paid to any employee thereunder, is liable to attachment, garnishment, or other process, or to be seized, taken, appropriated, or applied by any legal or equitable process or operation of law, to pay any liability of such employee, his beneficiary, or any other person who may have a right thereunder, either before or after payment.

The Trustee focuses on the language of § 3917.05 "when paid to any employee thereunder" and argues that, since Mrs. Lewis is not the "employee", she is not entitled to receive proceeds under the group life insurance policy that Mr. Lewis had with AK Steel. Upon death, the proceeds of a group life insurance policy would, of course, go to the beneficiary. Under the Trustee's view of the statute, proceeds of group life insurance could never be exempted by a beneficiary upon the death of the employee.

The Trustee's position reflects the language of the first part of § 3917.05, but neglects the language in the balance of the same sentence. Ohio Revised Code § 3917.05 also states that the proceeds of group insurance are not available "to pay any liability of such employee, *his beneficiary, or any other person who may have a right thereunder, either before or after payment."* (underlining added) Ohio principles of statutory construction, which are consistent with federal principles of statutory construction, provide guidance in construing § 3917.05. See *The City of Bryan v. Hudson,* 77 Ohio St.3d 376, 380, 674 N.E.2d 678, 680 (1997) ("A court must give effect to all words of the statute." (citations omitted)); *State ex rel. Toledo Edison Co. v. Clyde,* 76 Ohio St.3d 508, 513–14, 668 N.E.2d 498, 504 (1996) (An statute is ambiguous if the language is subject to more than one reasonable interpretation; See also Ohio Revised Code § 1.49 (Aids in construction of ambiguous statutes); *Bailey v. Republic Eng. Steels, Inc.,* 91 Ohio St.3d 38, 40, 741 N.E.2d 121, 123 (2001) ("In determining legislative intent when faced with an ambiguous statute, the court may consider several factors, including the object sought to be obtained, circumstances under which the statute was enacted, the legislative history, and the consequences of a particular construction.")

Construing the statute in its entirety, a well reasoned decision from this district

examined § 3917.05, and a related exemption statute, Ohio Revised Code § 3911.10[2], and found the provisions extend the exemption to a beneficiary who is a dependent of the debtor, although in that decision, unlike this case, the individual was determined to not be a dependent of the debtor:

> As both parties have noted, and the Court confirms, there is no available case law interpreting O.R.C. § 3917.05. In order to understand this section, it must be read together with § 3911.10,[1] the statute exempting a debtor's individual life insurance policy and its proceeds, and in the context of § 2329.66's general exemption scheme.

---

[1.] The inclusion of § 3917.05 as part of § 2329.66 appears to clarify that group life insurance, as well as individual life insurance, is granted exempt status.

The purpose of Ohio's general exemption statute, as it applies to debtors in bankruptcy is "to provide ... the necessary 'fresh start' to regain self-respect and resume a productive role in the economy." *In re Bloom,* 5 B.R. 451, 453 (Bankr.N.D.Ohio 1980). The insurance exemptions found at § 2329.66(A)(6)(c) & (d), i.e., §§ 3911.10 and 3917.05, when read together, appear to provide protection to a debtor, a debtor's spouse, child or other dependent relative, or creditor named as beneficiary, thus primarily evidencing a legislative intent to benefit the insured debtor and those dependent upon him. When such intended beneficiaries of the exemption no longer exist, then the purpose of the statute also ceases. As noted in *Hoffman v. Weiland,* 64 O.App. 467, 471, 18 O.O. 206, 208, 29 N.E.2d 33, 35 (1940), when "the allowance of the exemption would protect none and would defeat a creditor, the right ceases to exist."

In the case before us, the trustee objects to the claimed exemption, asserting that since the proceeds of the policy were paid directly to the beneficiary and were not "paid to any employee" as required by § 3917.05, the debtor is prohibited from claiming the exemption.

The debtor argues that rather than concentrating on the "when paid to any employee" language the Court should look to the provision stating that no policy or proceeds thereof shall be "seized, taken, appropriated, or applied by any legal or equitable process or operation of law, to pay any liability of such employee, [or] *his beneficiary ...*" (emphasis supplied).

---

2. Ohio Revised Code § 3911.10 states:
"All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature and which have been taken out for the ·benefit of, or made payable by change of beneficiary, transfer, or assignment to, the spouse or children, or any persons dependent upon such person, or an institution or entity described in division (B)(1) of section 3911.09 of the Revised Code, or any creditor, or to a trustee for the benefit of such spouse, children, dependent persons, institution or entity, or creditor, shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person or annuitant. Subject to the statute of limitations, the amount of any premium upon such contracts, endowments, or annuities, paid in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the contracts, but the company issuing any such contract is discharged of all liability thereon by the payment of its proceeds in accordance with its terms, unless, before such payment, written notice is given to it by a creditor, specifying the amount of the claim and the premiums which the creditor alleges have been fraudulently paid."
The court notes § 3911.10 was revised in 1992. The revisions broadened the class the statute is intended to protect by including not only dependent "relatives" but also dependent "persons, institution or entity."

The correct focus of the inquiry is whether Mr. Heins is of the class intended to be protected by the insurance exemption provisions.

Reading these statutes together, we find a clear policy of protecting an *insured debtor, dependents* of the insured debtor, and creditors of the insured debtor for whose benefit the policy or its proceeds was assigned, from attempts by the creditors of the insured debtor to pursue the policy or its proceeds in satisfaction of their claims. Despite the phrase in § 3917.05 indicating that liabilities of the beneficiary may not be paid out of the proceeds of a life insurance policy, we do not believe that the legislature intended to give the same protection to a beneficiary who becomes a debtor as it did to an insured who becomes a debtor.

*In re Heins,* 83 B.R. 504, 505–06 (Bankr. S.D.Ohio 1988). The reasoning of *Heins* was adopted by the only other reported Ohio decision to address this issue. See *White v. North (In re North),* 108 B.R. 180, 183 (Bankr.S.D.Ohio 1989) ("The court finds the analysis in *Heins* to be well reasoned and thorough. Accordingly, this Court has elected to adopt its conclusions of law as they apply to the present case.")

In *North,* as in *Heins,* the individual was determined not to be a dependent of the debtor; however, the rationale of both *Heins* and *North* compel the conclusion that, if the individual claiming the exemption is a dependent, the claimed exemption must be allowed. In the stipulated facts (Doc. 44), the parties agreed that Mrs. Lewis was a dependent at "all times relevant" to the exemption issue. (Doc. 44)

The court agrees with the only reported Ohio decisions that the intent of Ohio Revised Code § 3917.05 is to protect the dependent beneficiaries of an employee by allowing an exemption pursuant to Ohio

Revised Code §§ 2329.66(A)(6)(c) and 3917.05. The court expresses no opinion on whether any other provisions of the Ohio Revised Code could provide an exemption for a beneficiary of group life insurance proceeds or, what, if any, applicability the federal exemptions might have in future cases.

### *Conclusion*

The $26,567.01 of group life insurance proceeds from the AK Steel life insurance policy, received by Mrs. Lewis (the "proceeds") are exempt pursuant to Ohio Revised Code §§ 2329.66(A)(6)(c) and 3917.05. The Trustee's Motion to Compel Turnover of Property (Doc. 19) and the Trustee's objections to the Debtor's claimed exemptions of the proceeds under Ohio Revised Code §§ 2329.66(A)(6)(c) and 3917.05 (Doc. 33) are **DENIED**. The Trustee's objections to any other claimed basis to exempt the proceeds (Doc. 23) are **DENIED AS MOOT**. A separate order will be simultaneously entered.

**SO ORDERED.**