ELECTRONIC CITATION:  2010 FED App. 0003P (6th Cir.)
File Name:  10b0003p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re:   WILLIAM SCHRAMM and<br>NANCY SCHRAMM,<br><br>Debtors.<br>_____<br><br>HENRY E. MENNINGER, JR.,<br>CHAPTER 7 TRUSTEE,<br><br>Appellant,<br><br>v.<br><br>WILLIAM SCHRAMM and<br>NANCY SCHRAMM,<br><br>Appellees.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 09-8064<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio
Case No. 09-13948

Argued:  May 4, 2010

Decided and Filed:  June 17, 2010

Before:  FULTON, HARRIS, and RHODES, Bankruptcy Appellate Panel Judges.
_____

**COUNSEL**

**ARGUED:**  Michael J. Menninger, WOOD & LAMPING LLP, Cincinnati, Ohio, for Appellant. Jon C. Hapner, HAPNER & HAPNER, Hillsboro, Ohio, for Appellees.  **ON BRIEF:**  Michael J. Menninger, WOOD & LAMPING LLP, Cincinnati, Ohio, for Appellant.  Jon C. Hapner, HAPNER & HAPNER, Hillsboro, Ohio, for Appellees.

---

**OPINION**

---

ARTHUR I. HARRIS, Bankruptcy Appellate Panel Judge. In this case, Henry E. Menninger, Jr., Chapter 7 Trustee, ("Trustee") appeals an order of the bankruptcy court allowing Nancy Schramm ("Debtor") to claim the proceeds of her husband's life insurance policies as exempt pursuant to Ohio Revised Code §§ 2329.66(A)(6)(b) and 3911.10. For the reasons that follow, we REVERSE the order of the bankruptcy court.

## I. ISSUE ON APPEAL

The issue on appeal is whether the bankruptcy court erred when it found that the Debtor was entitled to claim the proceeds of her husband's life insurance policies as exempt under Ohio Revised Code §§ 2329.66(A)(6)(b) and 3911.10.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel has jurisdiction to decide this appeal, as authorized by the United States District Court for the Southern District of Ohio. 28 U.S.C. §§ 158(b)(6) & (c)(1). The bankruptcy court entered its decision on October 7, 2009, and the Trustee filed a timely notice of appeal on October 16, 2009.

A bankruptcy court's final order may be appealed as of right. 28 U.S.C. § 158(a)(1). For the purpose of this appeal, a final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citation and quotation marks omitted). An order sustaining or overruling an objection to a debtor's claim of exemption is a final order for purposes of appeal. *See Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 840 (B.A.P. 6th Cir. 1998).

The Bankruptcy Appellate Panel reviews conclusions of law *de novo*. *Caradon Doors & Windows, Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 447 F.3d 461, 463 (6th Cir. 2006). A bankruptcy court's application or interpretation of state law is a conclusion of

law. *See Van Aken v. Van Aken (In re Van Aken)*, 320 B.R. 620, 623 (B.A.P. 6th Cir. 2005). Interpretation of a state's exemption statute involves a question of law and is reviewed *de novo*. *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 721 (B.A.P. 6th Cir. 1999).

*De novo* review requires the "appellate court [to determine] the law independently of the trial court's determination." *O'Brien v. Ravenswood Apartments, Ltd. (In re Ravenswood Apartments, Ltd.)*, 338 B.R. 307, 310 (B.A.P. 6th Cir. 2006) (quoting *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001)). Essentially, the reviewing court decides the issue "as if it had not been heard before." *Mktg. & Creative Solutions, Inc. v. Scripps Howard Broad. Co. (In re Mktg. & Creative Solutions, Inc.)*, 338 B.R. 300, 302 (B.A.P. 6th Cir. 2006). "No deference is given to the trial court's conclusions of law." *Id*.

### III. FACTS

On June 22, 2009, Nancy Schramm ("Debtor" or "Appellee") and her husband, William Schramm, filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Ohio. Henry Menninger, Jr. was appointed Chapter 7 trustee ("Trustee" or "Appellant"). On July 11, 2009, William Schramm died.

The debtors listed three life insurance policies from Western Southern Life Insurance ("Insurance Policies") in Schedule B accompanying their bankruptcy petition. The Insurance Policies were owned by William Schramm and named the Debtor as the beneficiary. The debtors initially claimed the Insurance Policies as exempt pursuant to Ohio Revised Code §§ 2329.66(A)(6)(c) and 3917.05. After William Schramm died, Western Southern Life paid the Debtor $35,806.36. On August 10, 2009, the Trustee filed a preemptive objection to any claim of exemption that the Debtor might make on the proceeds of the Insurance Policies. On August 28, 2009, the Debtor filed a response in which she claimed the proceeds of the Insurance Policies as exempt pursuant to §§ 2329.66(A)(6)(b) and 3911.10. On August 31, 2009, the Debtor filed amended schedules B and C claiming the proceeds of the Insurance Policies as exempt pursuant to §§ 2329.66(A)(6)(b) and 3911.10.

On October 7, 2009, the bankruptcy court held that the Debtor could claim the proceeds from the Insurance Policies as exempt under § 2329.66(A)(6)(b). The court found that the Debtor had been a dependent of her husband and determined that this made her eligible to claim an exemption pursuant to § 2329.66(A)(6)(b). On October 16, 2009, the Trustee timely filed this appeal.

## IV. DISCUSSION

Section 541 of the Bankruptcy Code defines "property of the estate." Subject to a few specifically enumerated exceptions, the estate consists of all legal and equitable interests in property a debtor has at the commencement of a Chapter 7 case. *See* 11 U.S.C. § 541. However, the Bankruptcy Code allows a debtor to claim certain property as exempt. *See* 11 U.S.C. § 522. A state may adopt the federal exemptions contained in § 522, or create its own exemption framework. *Id.* Ohio has opted out of the federal exemptions. *See* OHIO REV. CODE § 2329.662. Therefore, any property that a debtor domiciled in Ohio seeks to exempt must fall within an exemption authorized under Ohio law or nonfederal bankruptcy law.

"The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367, 127 S. Ct. 1105, 1107 (2007) (internal quotations and citations omitted). Exemptions further this policy goal by allowing a debtor to protect property which is necessary for the survival of both the debtor and the debtor's family. As such, exemptions are to be construed liberally in favor of the debtor. *See Daugherty v. Cent. Trust Co. of Ne. Ohio, N.A.*, 504 N.E.2d 1100, 1104-05 (Ohio 1986). A party objecting to the debtor's claim of exemptions "has the burden of proving that the exemptions are not properly claimed." FED. R. BANKR. P. 4003(c).

### A. Ohio Revised Code §§ 2329.66(A)(6)(b) & 2329.66(A)(6)(c)

The first issue we must address is whether the Debtor's claim of exemption should be examined under Ohio Revised Code § 2329.66(A)(6)(b) or § 2329.66(A)(6)(c). While both provisions exempt interests in certain insurance policies, the two provisions apply to different types of policies. Section 2329.66(A)(6)(b) allows a debtor to claim an exemption in an individual life insurance policy, while § 2329.66(A)(6)(c) allows a debtor to claim an exemption in a policy of

group insurance. In its opinion, the bankruptcy court examined the Debtor's claim that the proceeds from the Insurance Policies are exempt under § 2329.66(A)(6)(b) as asserted in the Debtor's amended Schedule C. There is no evidence that the Insurance Policies were group insurance policies. Therefore, the Debtor's claim of exemption should be analyzed under § 2329.66(A)(6)(b).

### B. The Insurance Polices Are Not Exempt Under § 2329.66(A)(6)(b)

The bankruptcy court found that the Debtor was entitled to an exemption under § 2329.66(A)(6)(b). The court determined that the Debtor was a dependent of her husband and therefore eligible to claim the insurance proceeds as exempt property. The Trustee argues that the bankruptcy court erred, and that based upon the plain meaning of the statute a beneficiary, even a dependent beneficiary, is ineligible to claim an exemption under § 2329.66(A)(6)(b). The Trustee asserts that § 3911.10 only exempts insurance proceeds from creditors of the *insured* and not from creditors of a beneficiary.

The Debtor argues that in determining whether a debtor may claim an exemption under § 2329.66(A)(6)(b) a court must look to whether the debtor-beneficiary was a dependent of the owner of the insurance policy. The Debtor further argues that not allowing debtor-beneficiaries who are dependents of an insured person to exempt insurance proceeds would run counter to the purpose of the statute. Finally, the Debtor argues that a court must read the insurance exemptions in Ohio Revised Code § 2329.66 along with Ohio Revised Code § 3911.14.

Section 2329.66(A)(6)(b) exempts "[t]he person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code." In turn, Ohio Revised Code § 3911.10 states in pertinent part:

> All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature and which have been taken out for the benefit of, or made payable by change of beneficiary, transfer, or assignment to, the spouse or children, or any persons dependent upon such person . . . shall be held, together with the proceeds or avails of such contracts . . . free from all claims of the creditors of such insured person or annuitant.

The case law on this issue is sparse. Perhaps for this reason, the parties and the bankruptcy court have relied on references to § 2329.66(A)(6)(b) in case law actually applying § 2329.66(A)(6)(c).

While there are relatively few cases that address this issue, the cases with facts most similar to the instant case support the Trustee's position. *See In re Kudela,* 427 B.R. 643 (Bankr. N.D. Ohio 2010); *In re Huth*, No. 97-63986, 1998 WL 404153 (Bankr. N.D. Ohio June 30, 1998). In *Kudela*, the debtor's husband owned a life insurance policy that listed the debtor as the beneficiary. He died before the debtor filed her bankruptcy case. The debtor claimed the proceeds of the insurance policy as exempt pursuant to § 2329.66(A)(6)(b), and the Chapter 7 trustee objected. Similarly in *Huth*, the debtor's husband died within 180 days of the date that he and his wife, Alice Huth, filed for bankruptcy. The facts in *Huth* are essentially the same as those in the present case. At the time of his death, William Huth was the owner of a life insurance policy, which named his codebtor wife as the beneficiary. Alice Huth claimed the proceeds from the insurance policy as exempt under § 2329.66(A)(6)(b). The Chapter 7 trustee objected. In each case, the bankruptcy court found that the debtor was not entitled to an exemption under § 2329.66(A)(6)(b). The bankruptcy court in *Huth* found the Trustee's position to be supported by the clear language of Ohio Revised Code § 3911.10.

> The language of § 3911.10 specifically states that life insurance policy proceeds "shall be held . . . free from all claims of the creditors of such insured person." The "insured person" in this case is the deceased Mr. Huth. The statute clearly does not exempt life insurance proceeds from the creditors of Mrs. Huth as the beneficiary of Mr. Huth's life insurance policy.

*In re Huth*, 1998 WL 404153, at *2. This view was echoed by the recent bankruptcy court decision in *Kudela*. *In re Kudela*, 427 B.R. at 647 ("As recognized in *In re Huth*, the protection afforded by O.R.C. § 3911.10 only extends to and is limited to the insured, not a beneficiary.").

Other than the bankruptcy court decision on appeal, we are unaware of any case law holding that a debtor-beneficiary can exempt insurance proceeds from his or her own creditors under § 2329.66(A)(6)(b). There are some cases that suggest that § 2329.66(A)(6)(b) and (c) should be read together and in the context of the broader exemption statute. All of these cases, however, involve exemption claims under § 2329.66(A)(6)(c).

The bankruptcy court in the instant case relied heavily on *In re Heins*, 83 B.R. 504 (Bankr. S.D. Ohio 1988). The facts in *Heins* are somewhat similar to those in the case before us. The debtor was the beneficiary of his stepfather's insurance policy and claimed the proceeds of his stepfather's group life insurance policy as exempt under § 2329.66(A)(6)(c). The court in *Heins* determined that the debtor was not a dependent of his stepfather and was ineligible to claim the insurance proceeds as exempt.

In making this decision, the *Heins* court determined that § 2329.66(a)(6)(c) must be read in conjunction with § 2329.66(a)(6)(b) and examined "in the context of § 2329.66's general exemption scheme." *In re Heins*, 83 B.R. at 505. The court determined that:

> The insurance exemptions found at § 2329.66(A)(6)(c) & (d),[1] *i.e.,* §§ 3911.10 and 3917.05, when read together, appear to provide protection to a debtor, a debtor's spouse, child or other dependent relative . . . evidencing a legislative intent to benefit the insured debtor and those dependent upon him.

*Id.*; *see also In re Lewis*, 327 B.R. 645, 650 (Bankr. S.D. Ohio 2005) (agreeing with *Heins*).

The Trustee's position has better support in both the statute and the case law. Section 2329.66(A)(6)(b) exempts, "[t]he person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code." In turn, Ohio Revised Code § 3911.10 states in pertinent part:

> All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature and which have been taken out for the benefit of, or made payable by change of beneficiary, transfer, or assignment to, the spouse or children, or any persons dependent upon such person . . . shall be held, together with the proceeds or avails of such contracts . . . free from all claims of the creditors of such insured person or annuitant.

Section 3911.10 can be broken down into the following four parts: 1) the contract must be the proper type of insurance policy or annuity; 2) the policy or the annuity must be on the life of the person;

---

[1]The court in *Heins* almost certainly meant subsection (b) not (d). Section 2329.66(A)(6)(d) does not deal with insurance. In addition, the court in *Heins* references § 3911.10, which only relates to § 2329.66(A)(6)(b).

3) the contract must be for the benefit of one of several categories of people, including the insured's spouse; and 4) if those three factors are met then the contract and any proceeds or avails will be protected from the claims of the creditors of the insured person or annuitant.

Section 3911.10 only protects an insurance policy and its proceeds from the claims of creditors of the insured person. By contrast, § 3917.05 protects the insurance policy and its proceeds from the claims of creditors of both the insured employee and the beneficiary. This distinction is critical. The Debtor is the beneficiary of her husband's life insurance policy. The policy was an individual life insurance policy, so the Debtor cannot claim an exemption under § 2329.66(A)(6)(c), which only relates to group insurance. The language of § 2329.66(A)(6)(b) does not allow a beneficiary, even a dependent beneficiary, to exempt a life insurance policy or its proceeds from the beneficiary's creditors.

The few cases directly on point also support the conclusion that § 2329.66(A)(6)(b) does not allow a beneficiary, even a dependent beneficiary, to exempt a life insurance policy or its proceeds from the beneficiary's creditors. *See In re Kudela*, 427 B.R. 643; *In re Huth*, 1998 WL 404153.

Unfortunately, Ohio's convoluted insurance exemptions are unlike the analogous federal exemptions, which clearly exempt "unmatured life insurance contract[s] owned by the debtor," 11 U.S.C. § 522(d)(7), and insurance payments to any debtor-beneficiary who was a dependent of the insured "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." 11 U.S.C. § 522(d)(11)(C). Perhaps the Ohio General Assembly intended to exempt individual life insurance policies from the beneficiary's creditors; however, as the court stated in *Huth*, "Even if it were the intent of the Ohio General Assembly to provide an exemption for life insurance proceeds received by a beneficiary, it is not a court's function to rewrite a statute to express that intent." *In re Huth*, 1998 WL 404153, at *2. Nor has the Ohio legislature amended § 2329.66(A)(6)(b), despite a comprehensive revision of Ohio's exemption law in 2008. *See In re Kudela*, 427 B.R. at 648 (finding recent action by Ohio legislature supports conclusion that Ohio Revised Code § 3911.10 does not protect insurance proceeds from a beneficiary's creditors).

The debtor is correct when she argues that exemptions are to be construed liberally, however, as the Ohio Supreme Court has held, "a liberal construction of R.C. § 2329.66 does not give us

license to enlarge this statute or strain its meaning . . . . [W]e are not free, in interpreting this statute, simply to rewrite it on grounds we are thereby improving the law. " *Daugherty,* 504 N.E.2d at 1105. Ohio Revised Code § 3911.10 does not allow a dependent beneficiary to claim an exemption under § 2329.66(A)(6)(b).

### C. Ohio Revised Code § 3911.14 Is Unavailing Because Nothing In The Record Suggests That The Policies At Issue Contained Language Restricting The Proceeds From The Beneficiary's Creditors

The Debtor also argues that the court should look to Ohio Revised Code § 3911.14 to better understand §§ 2329.66(A)(6)(b) and 3911.10. Section 3911.14 states in relevant part:

> Any life insurance company . . . may hold the proceeds of any life or endowment insurance or annuity contract issued by it upon such terms and restrictions as to revocation by the insured and control by beneficiaries, with such exemptions from legal process and the claims of creditors of beneficiaries other than the insured, and upon such other terms and conditions . . . as have been agreed to in writing by such company and the insured or beneficiary. . . . Any life or endowment insurance or annuity contract issued . . . may provide that the proceeds thereof or payments thereunder shall not be subject to transfer, anticipation, commutation, or encumbrances by any beneficiary, and shall not be subject to the claims of creditors of any beneficiary other than the insured or any legal process against any beneficiary other than the insured. . . .

> This section does not impair or affect the rights of creditors under section 3911.10 of the Revised Code.

The Debtor argues that under § 3911.14 a creditor may not pursue the insurance proceeds of a beneficiary, and urges the court to find that § 3911.14 clarifies § 2329.66(A)(6)(b).

Even if we were to assume that Ohio Revised Code § 3911.14 is a general exemption provision available to debtors domiciled in Ohio, the debtor's argument that § 3911.14 allows her to exempt the Insurance Proceeds would still fail because the language of § 3911.14 simply *permits* an insurance policy to provide that insurance proceeds not be subject to the claims of creditors of any beneficiary. There is nothing in the record to indicate that any of the insurance policies at issue here actually contained such spendthrift provisions, which might otherwise allow the proceeds to be exempt from creditors of the Debtor. Furthermore, absent the presence of any such language in the

policies at issue here, we have no occasion to interpret the last sentence of Ohio Revised Code § 3911.14 or discern what effect that sentence may have with respect to "the rights of creditors under section 3911.10." Nor has the Debtor actually claimed an exemption under § 3911.14 in her amended Schedule C. Accordingly, § 3911.14 does not support the Debtor's claim of exemption in the Insurance Proceeds.

## V. CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court allowing the Debtor to claim the proceeds of her husband's life insurance policies as exempt pursuant to §§ 2329.66(A)(6)(b) and 3911.10 of the Ohio Revised Code is REVERSED.