**In re Dorothy R. JACKSON, Debtor.**

No. 05–44808.

United States Bankruptcy Court,
S.D. Ohio,
Western Division at Dayton.

July 18, 2006.

Anne M. Frayne, Dayton, OH, for Debtor.

### DECISION ON ORDER DENYING. IN PART, TRUSTEE'S OBJECTION

THOMAS F. WALDRON, Bankruptcy Judge.

#### Background

On June 8, 2006, the Chapter 7 Trustee, John Paul Rieser (the "Trustee") filed an *Objection to Debtor's Claimed Exemption in Spousal Allowance Received From Deceased Husband's Estate Pursuant to O.R.C. § 2106.13(A) and Memorandum in Support, Combined With Notice to All Creditors and Parties in Interest.* (Doc. 27) The Debtor filed a response on June 28, 2006. (Doc. 29) The disputed exemption concerns $14,792.51 that the Debtor received from her deceased husband's probate estate on September 27, 2005. The parties agree that the Debtor received these funds pursuant to the widow allowance of Ohio Revised Code § 2106.13(A).[1] (See Doc. 1—Schedule B—Item 33). The Debtor claimed an exemption in these funds pursuant to Ohio Revised Code § 2329.66(A)(11).[2]

#### Determination

The court determines the Debtor is entitled to an exemption of these funds under Ohio Revised Code § 2329.66(A)(11), subject to the requirement under § 2329.66(A)(11) that the funds be reasonably necessary for the support or maintenance of the Debtor or her dependents.

#### Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

#### Standard of Review

As the objecting party, the Trustee has the burden to prove "that the exemptions are not properly claimed." Bankruptcy Rule 4003(c). Consistent with well established authority, this court has noted, "Ohio exemptions provisions are to be construed liberally in favor of the debtor and a debtor's dependents and any doubt in interpretation should be in favor of granting the exemption." *In re Lewis,* 327 B.R. 645, 648 (Bankr.S.D.Ohio 2005).

---

**1.** Ohio Revised Code § 2106.13(A) states that "[i]f a person dies leaving a surviving spouse and no minor children, leaving a surviving spouse and minor children, or leaving minor children and no surviving spouse, the surviving spouse, minor children, or both shall be entitled to receive, subject to division (B) of this section, in money or property the sum of forty thousand dollars as an allowance for support. If the surviving spouse selected two automobiles under section 2106.18 of the Revised Code, the allowance for support prescribed by this section shall be reduced by the value of the automobile having the lower value of the two automobiles so selected. The money or property set off as an allowance for support shall be considered estate assets."

**2.** Ohio has opted out of the federal exemptions and, therefore, exemptions available to debtors domiciled in Ohio are based on Ohio law. *In re Oglesby,* 333 B.R. 788, 790, fn. 2 (Bankr.S.D.Ohio 2005).

### Ohio Revised Code § 2106.13(A)

The Trustee argues that the funds are not exempt under the probate statute, Ohio Revised Code § 2106.13(A) and/or the exemption statute § 2329.66(A)(11). In her response, the Debtor states that the exemption claim is not based on § 2106.13(A) and rests solely on Ohio Revised Code § 2329.66(A)(11).

Although in the Debtor's Schedules B and C the words "O.R.C. 2106.13(A) spousal allowance" are present, the Debtor's consistent position and specific statutory reference in Schedule C—"SPECIFY LAW PROVIDING EACH EXEMPTION"—list only § 2329.66(A)(11). (Doc. 1) Accordingly, the court has no occasion to consider whether the funds are exempt under § 2106.13(A) and expresses no opinion on such an issue.

The court notes that the Trustee's citation to *Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839 (6th Cir. BAP 1998) is not of assistance in the analysis required in this proceeding. In *Wicheff*, the disputed funds concerned insurance renewal commissions a debtor received from policies sold pre-petition by her deceased husband. The B.A.P. affirmed the bankruptcy court's denial of an exemption under § 2106.13(A). *Id.* at 842–43.

As noted, the Debtor, in this proceeding, does not seek an exemption under § 2106.13(A). *Wicheff* simply does not address § 2329.66(A)(11).

### Ohio Revised Code § 2329.66(A)(11)

■ Ohio Revised Code § 2329.66(A)(11) states:

(A)Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

* * * * *

(11) The person's right to receive spousal support, child support, **an allowance,** or other maintenance to the extent reasonably necessary for the support of the person and any of the person's dependents. (emphasis added)

Section 2329.66(A)(11) contains the specific word "allowance." The same word, "allowance", is used in the probate statute that provides for the widow allowance. See § 2106.13(A). See also Ohio Revised Code § 1.42 ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage.")

The Trustee cites an unreported decision, *Kandel v. Papai (In re Papai)*, 1997 WL 840293 (Bankr.N.D.Ohio Oct.8, 1997). *Kandel* is distinguishable from this proceeding because that case addressed an entirely distinct exemption issue—whether the earned income tax credit can be exempt under Ohio Revised Code § 2329.66(A)(11).[3] The arguments in *Kandel* centered on whether such a tax credit could be considered "support" or "maintenance." In that context, the *Kandel* court cited a bankruptcy court decision from the Northern District of Oklahoma [*In re George*, 199 B.R. 60, 62 (Bankr.N.D.Okla. 1996) ]. The Oklahoma court, construing an Oklahoma statute, stated "it is generally assumed that payments for alimony, maintenance, or child support would arise from a divorce decree." *Kandel* at *3. However, the *Kandel* court continued that § 2329.66(A)(11) has no specific limitation and is broadly written. *Id.* The *Kandel* decision, to the extent it is of assistance to this court, supports the Debtor's position that the word "allowance" as used in

**3.** The court express no view on whether the earned income tax credit is exempt under § 2329.66 or any other statute.

§ 2329.66(A)(11) cannot be limited to the construction urged by the Trustee.

## THE TERM "ALLOWANCE" HAS A PLAIN MEANING AND IS NOT SURPLUSAGE

In order to conclude that the term "allowance" is limited to the construction urged by the Trustee, this court would be required to ignore the plain meaning and the purpose of the exemption statute. Since the term "allowance" is used, without qualification, in § 2329.66(A)(11), this court has no basis to conclude it would not apply to the widow allowance of § 2106.13(A). See *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 116, 846 N.E.2d 478 (2006). ("An unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language, and a court cannot simply ignore or add words.")

In addition, the court does not find it appropriate to conclude "allowance" is merely a superfluous term which repeats in different nomenclature an additional component of spousal support, child support, or other maintenance. See Ohio Revised Code § 1.47(B) ("In enacting a statute, it is presumed that: ... [t]he entire statute is intended to be effective[.]").

The court determines the plain meaning of the term "allowance" in § 2329.66(A)(11) includes the widow "allowance for support" contained in § 2106.13(A).

## THE TERM "ALLOWANCE" HAS NO TECHNICAL OR PARTICULAR MEANING

Further, the court does not find the term "allowance" in § 2106.13(A) should be ascribed a separate, technical meaning from the word "allowance" in § 2329.66(A)(11). See Ohio Revised Code § 1.42 ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or other-

wise, shall be construed accordingly.") Unlike other terms in § 2329.66(A)(11) such as spousal support and child support, the Ohio legislature has never given a specific, technical meaning to "allowance" in § 2329.66(A)(11). Cf. Ohio Revised Code §§ 3105.18 (defining spousal support) and 3109.05 (defining child support). Additionally, the word "maintenance" is a recognized component of state court decrees of divorce, dissolution, separation or property settlement and is acknowledged as such in bankruptcy proceedings. (See 11 U.S.C. § 101(14A)(B), which states, in part "in the nature of *alimony, maintenance or support* ...") (emphasis added)

### Whether the Widow Allowance of § 2106.13(A) is "reasonably necessary for the support of the person and any of the person's dependents" pursuant to Ohio Revised Code § 2329.66(A)(11) is a Question of Fact

▮ Having determined that § 2329.66(A)(11) applies to authorize the claimed exemption of the widow allowance, the issue remaining is whether the funds are "reasonably necessary for the support of the person and any of the person's dependents." The Debtor argues that the widow allowance should be exempt because the Ohio legislature has already determined that a widow is entitled to $40,000; however, that amount is found in § 2106.13(A), which does not contain the words "to the extent reasonably necessary for the support of the person and any of the person's dependents", which are found in § 2329.66(A)(11), which is the determinative exemption statute in this proceeding.

The issue of whether the widow allowance is reasonably necessary for the support of the Debtor or her dependents is a question of fact. The court has reviewed the Debtor's affidavit and the arguments

in the Trustee's filing and determines this issue cannot be resolved on the present state of the record.

It is obvious that the parties have not had a full and fair opportunity to consider their respective positions in the context of this decision. The court has, by separate order, scheduled a pretrial conference to determine future proceedings in this adversary.

### Conclusion

In accordance with this decision, the Trustee *Objection* (Doc. 27) will be **DENIED IN PART** by a separate order.

**SO ORDERED.**