**In re Robin L. COOK, Debtor.**

No. 07–35539.

United States Bankruptcy Court,
S.D. Ohio,
Western Division at Dayton.

Feb. 4, 2009.

---

James R. Warren, Springfield, OH, Chapter 7 Trustee.

## Decision Granting in Part and Denying in Part the Chapter 7 Trustee's Objection to Debtor's Exemptions

GUY R. HUMPHREY, Bankruptcy Judge.

The central issue in this contested matter is whether funds held by the Debtor, on the petition date, either directly deposited in bank accounts or received by the Debtor as a federal tax refund and subsequently deposited in bank accounts are exempt under Ohio law when the undisputed origin of those funds are federal veteran benefits and Ohio Public Employee Retirement System ("OPERS") disability benefits that would be exempt in their original state.[1]

## I. Procedural Background

On December 19, 2007, the Debtor, Robin L. Cook, filed her Chapter 7 petition and her schedules (Doc. 1), including her Schedule C listing her claimed exemptions. On April 9, 2008, the Chapter 7 Trustee, James R. Warren (the "Trustee"), objected to the Debtor's claimed exemptions in certain accounts and in a 2007 federal income tax refund (Doc. 24). However, on June 24, 2008, the Debtor filed an amended Schedule C (Doc. 39) and the Trustee renewed his objection on June 27, 2008 (Doc. 41). The Debtor filed a memorandum responding to the Trustee's renewed objection on July 7, 2008 (Doc. 44) and the Trustee filed a reply brief on August 26, 2008 (Doc. 46). The parties filed stipulations on June 28, 2008. Pursuant to a June 24, 2008 court order (Doc. 40), the

David M. Hollingsworth, Enon, OH, for Debtor.

1. The Debtor at all relevant times has been an Ohio resident and this case was filed on December 19, 2007. Therefore, the Ohio exemptions in place at that time apply.

court took this contested matter under advisement.

## II. Jurisdiction

This court has jurisdiction pursuant to 28 U.S.C. § 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

## III. Standard of Review

The Trustee has the burden by a preponderance of the evidence to show "that the exemptions are not properly claimed." Bankruptcy Rule 4003(c); *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147 (6th Cir BAP 2006). Further, "Ohio exemptions provisions are to be construed liberally in favor of the debtor and a debtor's dependents and any doubt in interpretation should be in favor of granting the exemption." *Id.* at 148 and *In re Jackson*, 348 B.R. 771, 772 (Bankr. S.D.Ohio 2006), *quoting In re Lewis*, 327 B.R. 645, 648 (Bankr.S.D.Ohio 2005).

## IV. Facts

The Debtor claims the following exemptions on her Amended Schedule C which are disputed by the Trustee:

| Property | Exemption Statutes Claimed | Value of Property |
|---|---|---|
| Cash (portion concerning funds received from OPERS or as veteran disability benefits) | Ohio Revised Code ("ORC") §§ 2329.66(A)(10)(a) and 145.56 (OPERS) ORC § 2329.66(A)(17) and 38 U.S.C. § 5301(a) | $ 50.00 |
| Checking Account (portion attributable to OPERS or veteran benefits) | ORC §§ 2329.66(A)(10)(a) and 145.56 (OPERS) ORC § 2329.66(A)(17) and 38 U.S.C. § 5301(a) | $2925.24 |
| Savings Account | ORC § 2329.66(A)(17) and 38 U.S.C. § 5301(a) | $ 11.24 |
| 2007 Tax Refund | ORC § 2329.66(A)(17) and 38 U.S.C. § 5301(a) | $2924.00 |

The parties stipulated that on November 30, 2007, a direct deposit of disability payments in the amount of $1797.93 was made by OPERS into the Debtor's savings account with New Carlisle Federal Savings Bank (the "Bank") (Doc. 43). The same day $1,790.00 from the direct deposit and $1,816.00 of veteran disability payments (by paper check), for a total of $3,606.00, were deposited into the Debtor's checking account with the Bank. The Debtor had $11.24 in her savings account and $2,595.24 in her checking account on the petition date and the Trustee has not challenged that the original sources of the funds in the Debtor's checking account and savings account were either federal veteran benefits or OPERS disability payments. This decision will refer collectively to the petition date balance of the two accounts as the "bank accounts."

Additionally, $2,923.62 was withheld by OPERS from the Debtor's OPERS benefits for federal income tax purposes and remitted to the United States Internal Revenue Service (the "IRS"). The Debtor had no federal tax liability and the entire amount (rounded to $2,924.00) was refunded to the Debtor by the IRS (the "federal tax refund").

## V. Positions of the Parties

The Trustee's position is as follows: a) the funds in the bank accounts on the

petition date were not exempt because a separate exemption provision, namely ORC § 2329.66(A)(i)(b)(3) exists for bank accounts, arguing that to the extent there is such an express exemption, only that specific exemption can be used by the Debtor and it is irrelevant that the funds in the accounts can be traced to otherwise exempt sources, such as exempt OPERS and veteran benefits, citing *Kokoszka v. Belford*, 417 U.S. 642, 651, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) and *In re Minton*, 348 B.R. 467 (Bankr.S.D.Ohio 2006); and b) the funds represented by the federal tax refund are not exempt as OPERS disability payments because the funds lost their character as exempt OPERS benefits and now are simply a tax refund subject only to the same exemption under ORC § 2329.66(A)(1)(b)(3), again citing *Kokoszka*. On the other hand, the Debtor argues that: a) the funds in the bank accounts are exempt because their source can be traced to exempt benefits, namely the OPERS and veteran benefits, citing *Daugherty v. Central Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St.3d 441, 504 N.E.2d 1100 (1986) and *Porter v. Aetna Casualty and Surety Co.*, 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962); and b) the funds represented by the federal tax refund are exempt because those funds can be traced to exempt OPERS disability benefits.

## VI. Court's Determinations

### A. Traceable Exempt Funds Deposited in Bank Accounts Remain Exempt under Both Ohio and Federal law

The funds in the Debtor's bank accounts on the petition date, excepting out $50.00, are exempt in their entirety on account of those funds being traceable to exempt sources.

▪ ORC § 2329.66(A)(17) states that "[e]very Person who is domiciled in this state may hold … exempt … [a]ny other property that is specifically exempted from execution, attachment, garnishment, or sale by federal statutes other than the 'Bankruptcy Reform Act of 1978….'" Pursuant to this subsection of the ORC, the Debtor seeks to exempt a portion of the bank accounts under such a separate federal statute, namely 38 U.S.C. § 5301(a)(1).[2]

Pursuant to 38 U.S.C. § 5301(a)(1) and *Porter v. Aetna Casualty and Surety Co.*, 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962), the funds in the bank accounts traceable to the federal veteran benefits are exempt. In *Porter*, the United States Supreme Court addressed the issue of whether veteran benefits retain their exempt status once deposited in bank accounts. The Court first noted that, pursuant to 38 U.S.C. § 3101(a), later re-codified in 38 U.S.C. § 5301(a)(1), federal veteran

**2.** 38 U.S.C. § 5301(a)(1) states, in relevant part, that:

Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. The preceding sentence shall not apply to claims of the United States arising under such laws nor shall the exemption therein contained as to taxation extend to any property purchased in part or wholly out of such payments.

benefits have been exempted from creditor actions since 1873. *Id.* at 160, 82 S.Ct. 1231. The Court then determined that once such benefits are transformed into investments, such as negotiable notes or savings bonds, the exemption is lost. *Id.* at 161, 82 S.Ct. 1231. In *Porter,* the Court found that the funds deposited into a federal savings and loan association were not "permanent investments" and retained their exempt status. *Id.* The principle of the *Porter* decision was subsequently affirmed in *Philpott v. Essex County Welfare Bd.,* 409 U.S. 413, 416–17, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973). See also *Baumgart,* 359 B.R. at 149–50 and *In re Duemey,* 347 B.R. 875, 879 (Bankr. S.D.Ohio 2006). In this case, the Trustee has conceded that $1,816.00 of the funds in the bank accounts can be traced to federal veteran benefits. Accordingly, to that extent, this case is no different than *Porter* and those funds are exempt.

■ The funds in the bank accounts representing the OPERS disability payments are also exempt. ORC § 2329.66(A)(10)(a) states, in relevant part, that "[e]very person who is domiciled in this state may hold property exempt ... the person's right to a ... benefit ..., as exempted by section 145.56 ... of the Revised Code[.] ORC § 145.56 generally

exempts all interests in Ohio public employment retirement and disability benefits."[3]

Like the United States Supreme Court, the Supreme Court of Ohio has determined that otherwise exempt funds retain their exempt status once deposited into bank accounts. *Daugherty v. Central Trust Co. of Northeastern Ohio, N.A.,* 28 Ohio St.3d 441, 504 N.E.2d 1100 (1986). In *Daugherty,* the Court determined that, pursuant to ORC § 2329.66(A), "statutorily exempt funds do not lose their exempt status when deposited in a personal checking account." *Id.* at 1103. The Court explained that "[t]he legislature's purpose, in exempting certain property from court action brought by creditors, was to protect funds intended primarily for maintenance and support of the debtor's family." *Id., citing Dennis v. Smith,* 125 Ohio St. 120, 180 N.E. 638 (1932). The court continued: "This legislative intent would be frustrated if exempt funds were automatically deprived of their statutory immunity when deposited in a checking account which a creditor commonly maintains in order to pay by check those regular subsistence expenses he incurs." *Daugherty,* 504 N.E.2d at 1103. The court also found that the funds met the Supreme Court test in *Porter* for exempting such funds. *Id.* at 1103, n. 3.[4] Accordingly, since the $1,790.00

3. ORC § 145.56 states:

The right of an individual to a pension, an annuity, or a retirement allowance itself, the right of an individual to any optional benefit, any other right accrued or accruing to any individual, under this chapter, or under any municipal retirement system established subject to this chapter under the laws of this state or any charter, the various funds created by this chapter, or under such municipal retirement system, and all moneys, investments, and income from moneys or investments are exempt from any state tax, except the tax imposed by section 5747.02 of the Revised Code and are exempt from any county, municipal, or

other local tax, except taxes imposed pursuant to section 5748.02 or 5748.08 of the Revised Code and, except as provided in sections 145.57, 145.572, 3105.171, 3105–65, and 3115.32 and Chapters 3119., 3121., 3123., and 3125. of the Revised Code, shall not be subject to execution, garnishment, attachment, the operation of bankruptcy or insolvency laws, or other process of law whatsoever, and shall be unassignable except as specifically provided in this chapter and sections 3105.171, 3105.65, and 3115.32 and Chapters 3119., 3121., 3123., and 3125 of the Revised Code.

4. If the parties were disputing whether the bank accounts had their origin in OPERS

in the bank accounts on the petition date are traceable to funds exempted by ORC § 145.56, those funds are exempt in their entirety.

The Trustee has effectively conceded any tracing issues in the parties' stipulations (Doc. 43) and, pursuant to *Porter* and *Daugherty,* funds which are otherwise exempt remain exempt when deposited into bank accounts, which are not considered "permanent investments."[5] For the foregoing reasons, the disputed funds held in the Debtor's checking and saving accounts on the petition date are exempt in their entirety.[6]

**B. Funds That Are Traceable To OPERS Benefits and Would Otherwise Be Exempt Pursuant to ORC §§ 2329.66(A)(10)(a) and 145.56 Remain Exempt When Received by the Debtor in the Form of a Tax Refund**

For the reasons that follow, the court also finds that the funds represented by the tax refund are exempt in their entirety.

■ The Trustee does not dispute that the funds represented by the tax refund are traceable to OPERS disability payments and that OPERS disability payments are exempt under Ohio law. Rather, the issue raised by the Trustee is whether funds represented by a federal tax refund whose source is otherwise ex-

empt remain exempt when those funds are received by the Debtor in the form of a tax refund. It appears that this issue is one of first impression as relates to the particular Ohio exemption statutes in question. As such, given the lack of state law interpreting the statute, this court must decide how an Ohio court would resolve the issue. *Baumgart,* 359 B.R. at 147, citing *In re McCashen,* 339 B.R. 907, 910 (Bankr. N.D.Ohio 2006).

■ The Trustee relies on *Kokoszka v. Belford,* 417 U.S. 642, 651, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) in arguing that once otherwise exempt funds are transferred to the IRS and received by the Debtor in the form of a tax refund such funds are no longer exempt. In *Kokoszka,* the Supreme Court determined that a federal exemption based on "personal earnings" is inapplicable when income is returned to a tax payer in the form of a refund. Similarly, in *In re Minton,* 348 B.R. 467 (Bankr.S.D.Ohio 2006), this court found that an analogous Ohio statute, ORC § 2329.66(A)(13), does not exempt tax refunds as "personal earnings." Apparently seeking to argue that the principle of *Kokoszka* applies to all exemptions, the Trustee's argument is that once income is paid into a government agency as a tax and received by a debtor as a refund, it no longer retains its original exempt status and simply is a tax refund for exemption analysis.

---

disability payments, tracing would be a legal issue in this contested matter. The Debtor has taken the position that all such funds at issue have their origin in otherwise applicable exemptions and the Trustee has taken no contrary position in any court filings. Accordingly, the court need not address the proper standard for tracing such funds.

5. The Trustee argues that separate exemptions exist for funds held in bank accounts. However, this policy argument was apparently rejected by the Supreme Court in Ohio in

*Daugherty* and the United States Supreme Court in *Porter* which permitted exemptions in traceable bank funds.

6. The $50.00 in cash is not referenced in the stipulations as being traceable to the declared exemptions of the Debtor and the parties agreed to determine the exemption issues without the need of an evidentiary hearing. Accordingly, the court finds this de *minimus* amount is not exempt.

Upon careful review, the court determines that *Kokoszka* does not stand for such a sweeping principle of law and does not prohibit the application of the pertinent Ohio exemption statutes to the funds in question. In *Kokoszka*, the Supreme Court determined that a section of the Consumer Credit Protection Act, 15 U.S.C. § 1671 *et seq.* (the "CCPA"), limiting garnishment of "disposable earnings", did not apply to a federal income tax refund. The Court noted the purpose of the CCPA was not intended to alter "the clear purpose of the [Bankruptcy] Act." [7] *Kokoszka v. Belford,* 417 U.S. 642, 650, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). Instead, the CCPA sought to limit garnishments which subsequently led to personal bankruptcy. *Id.* The Court found that both the language of the CCPA, using terms such as "earnings" and "disposable earnings", and the CCPA's

legislative history revealed that federal tax refunds did not fall within the protection of that statute even though the funds represented by the tax refund emanated from the personal earnings of the debtor. The lower federal courts have consistently applied this principle to similar state exemption statutes which also address earnings or use similar phrasing.[8]

Stated another way, *Kokoszka* does not stand for the principle that otherwise exempt funds are almost never exempt[9] when returned to a debtor in the form of a traceable tax refund. Again, that decision is based on the Court's particular policy concern with a federal garnishment statute (the CCPA) being used to protect tax refunds in bankruptcy as "disposable earnings" when Congress's intent was only to protect workers from garnishment.[10]

7. The decision was decided when federal bankruptcy law was governed by the Bankruptcy Act of 1898, as amended.

8. See, e.g., *Manchester v. Annis (In re Annis),* 232 F.3d 749 (10th Cir.2000) (income tax refunds are not "earnings" under an Oklahoma exemption statute); *Wallerstedt v. Sosne (In re Wallerstedt),* 930 F.2d 630 (8th Cir. 1991) (tax refunds are not "earnings" under a Missouri exemption statute); *In re Minton,* 348 B.R. 467, 470–71 (Bankr.S.D.Ohio 2006) (Ohio personal earnings exemption [Ohio Revised Code § 2329.66(A)(13)] does not include a tax refund); *Lawrence v. Jahn (In re Lawrence),* 219 B.R. 786 (E.D.Tenn.1998) (Tennessee garnishment statute does not create a bankruptcy exemption for "disposable earnings"); *In re Lancaster,* 161 B.R. 308 (Bankr. S.D.Fla.1993) (federal tax refund is not exempt under Florida wage exemption statute); *In re Rangel,* 317 B.R. 553 (Bankr.D.Kan. 2004) (Kansas "personal services" exemption does not include a federal tax refund); *In re Fishbein,* 245 B.R. 36 (Bankr.D.Md.2000) (tax refunds are not "disposable wages" under Maryland exemption statute); *In re Fandrich,* 2008 WL 4610030 (Bankr.D.N.D. Oct. 16, 2008) (income tax refund not earnings under a North Dakota exemption statute).

9. The only apparent exception to the Trustee's interpretation of Kozoszka would be a specific

exemption for a tax refund such as ORC § 2329.66(A)(i)(b)(3).

10. It is true, of course, that funds received by a taxing agency and subsequently returned to a tax payer as an overpayment or a refund are governed by a completely separate body of tax law. For example, an 11th Circuit decision determined that an earned income tax credit (EITC) is sometimes an "overpayment" within the meaning of 26 U.S.C. § 6402(c) and therefore is allowed to be setoff against past-due child support. *Hamm v. James (In re James),* 406 F.3d 1340, 1346 (11th Cir.2005). The Trustee argued that as an "overpayment", rather than a tax credit, the EITC lost its exempt status and was "like any other refund." *Id.* However, the James court, despite concluding that an earned income tax credit is an overpayment under the Internal Revenue Code, disagreed:

> While we recognize that an EITC refund is an "overpayment" for purposes of 26 U.S.C. 6402(c), that designation has no bearing on the distinctively different issue in this case, which does not involve past-due child support or the tax intercept law. Whether an EITC refund is a credit, a refund, or an overpayment does not affect the fact that it is "public assistance" for purposes of Alabama Code § 38–4–8 and is therefore exempt.

Applying Ohio law, including the relevant statutory and case law, this court concludes that an Ohio court would find the funds represented by the tax refund traceable to OPERS benefits exempt under ORC § 145.56. First, *Daugherty* instructs us that the Supreme Court of Ohio has sanctioned, at least in limited circumstances, the tracing of funds intended for the support and maintenance of individuals. As the Court noted in that case, "[t]he legislative purpose, in exempting certain property from court action brought by creditors, was to protect funds intended primarily for maintenance and support of the debtor's family." Disability payments distributed by OPERS are such funds intended primarily for the maintenance of the debtor's family.

Second, ORC § 145.56 was written by the Ohio legislature with great breadth, evincing to this court an intention to be sweeping and all-encompassing in its reach to protect OPERS benefits from creditors and bankruptcy trustees. Specifically, that statute provides that:

> The right of an individual to a pension, an annuity, or a retirement allowance itself, the right of an individual to any optional benefit, any other right accrued or accruing to any individual, under this chapter, or under any municipal retirement system established subject to this chapter under the laws of this state or any charter, the various funds created by this chapter, or under such municipal retirement system, and all moneys, investments, and income from moneys or investments are exempt from any state tax, except the tax imposed by section

5747.02 of the Revised Code and are exempt from any county, municipal, or other local tax, except taxes imposed pursuant to section 5748.02 or 5748.08 of the Revised Code and, except as provided in sections 145.57, 145.572, 3105.171, 3105.65, and 3115.32 and Chapters 3119., 3121., 3123., and 3125 of the Revised Code, shall not be subject to execution, garnishment, attachment, the operation of bankruptcy or insolvency laws, or other process of law whatsoever, and shall be unassignable except as specifically provided in this chapter and sections 3105.171, 3105.65, and 3115.32 and Chapters 3119., 3121., 3123., and 3125 of the Revised Code.

Thus, the particular language of ORC § 145.56 exempting such funds reaches beyond the body of case law concerning "personal earnings" and the analogous exemption statutes. That language represents a policy judgment of the Ohio legislature to exempt, among other things, disability payments received from the OPERS from, with limited exceptions, creditors and state and local taxation. The need to protect these funds does not address any of the separate concerns that the Court in Kozoszka had with the overly broad use of a federal garnishment statute intended to protect a debtor prior to a bankruptcy. All of the cases previously cited interpreting analogous state statutes are based on that same or related concern. The claimed exemption of the OPERS disability payments received by the Debtor in the form of the federal tax refund, although "earnings" under Ohio Revised Code § 2329.66(A)(13) [11], are not claimed as ex-

---

*Id.* Similarly, in this case, there is no competing interest in the tax refund or "overpayment" from any taxing agency. Under similar facts, the 11th Circuit concluded that an earned income tax refund or "overpayment" could nevertheless be exempt under a state exemption which does not address the EITC

or tax refunds. Instead, despite its label under the tax law, the *James* court found the refund was appropriately separately labeled "public assistance" under a separate state exemption.

11. *In re Minton,* 348 B.R. 467, 472 (Bankr. S.D.Ohio 2006).

empt as earnings. Rather, the federal tax refund is exempt due to its source being OPERS disability payments protected under the breadth of ORC § 145.56.

Finally, as previously noted, "Ohio exemptions provisions are to be construed liberally in favor of the debtor and a debtor's dependents and any doubt in interpretation should be in favor of granting the exemption." *Baumgart*, 359 B.R. at 148 and *Jackson*, 348 B.R. at 772. Given the tension in determining "to trace" or "not to trace" the funds in the tax refund and in characterizing the funds as a tax refund under ORC § 2329.66(A)(i)(b)(3) versus characterizing them as benefits or moneys from benefits under ORC § 145.56, this court finds that that doubt must be resolved in favor of the granting of the exemption.

The Debtor received an otherwise exempt sum for which she had no federal tax liability. An interpretation which found that the OPERS disability benefits lost their exempt status *per se* simply because the funds were withheld and then received by the Debtor in the form of a transparently traceable federal tax refund would contravene this court's obligation to apply Ohio's exemption law liberally and, in the particular facts of this case, serve no particular competing policy purpose to justify limiting ORC § 145.56 so arbitrarily. The court rejects such a *per se* rule. Instead, this court finds, under the particular facts of this case, including the evident traceability of the funds, and the broad language of ORC § 145.56 and the policy judgment such language represents, that the tax refund is exempt under Ohio law because it originated from otherwise undisputedly exempt OPERS disability payments.

For the foregoing reasons, the Trustee's objection to the exemptions concerning the federal tax refund is **denied.**

## VII.   Conclusion

The Trustee's objection to the Debtor's exemption of $50.00 in cash is **granted.** The Trustee's objection to the claims of exemption in the funds represented by the bank accounts and in the funds represented by the federal tax refund is **denied.** The court will enter a separate order consistent with this decision.

**IT IS SO ORDERED.**