**In re John W. SPARKS, Betty L. Sparks, Debtors.**

**No. 07–35030.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

July 22, 2009.

David M. Hollingsworth, Enon, OH, for Debtor.

## DECISION DENYING CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTORS' CLAIMED EXEMPTIONS

LAWRENCE S. WALTER, Bankruptcy Judge.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and the standing General Order of Reference in this District. This matter is before the court on the *Objection by Trustee to Debtors' Claims of Exemptions* filed on May 18, 2008 [Doc. 26], the *Debtors' Response to Trustee's Objection to Exemption* filed on June 3, 2008 [Doc. 27], and the *Reply by Trustee* filed on June 4, 2008 [Doc. 28]. The parties were granted several continuances of the scheduled hearing to allow time for them to resolve the issues and the court entered a stay order pending the issuance of a written decision by Judge Humphrey in *In re Cook,* case no. 07–35539, addressing very similar legal issues and litigated by the same counsel. However, on April 10, 2009, the parties reported to the court that, while there were no remaining factual disputes, they were unable to agree as to the "applicability" of Judge Humphrey's decision in the *Cook* case. Consequently, the court set a briefing schedule to allow the parties an opportunity address in more detail whether and to what extent the *Cook* decision might be determinative of the issues before the court. After reviewing the parties' briefs [Docs. 54, 55, and 58], the court is prepared to render its decision with respect to the following issues raised by the parties:

1) Whether an income tax refund directly traceable to Ohio Public Employee Retirement System benefits is exempt pursuant to Ohio Rev.Code § 2329.66(A)(10)(a)?

2) Whether an income tax refund directly traceable to Ohio unemployment compensation benefits is exempt pursuant to Ohio Rev.Code § 2329.66(A)(9)(c)?

3) Whether an income tax refund directly traceable to social security benefits is exempt pursuant to Ohio Rev.Code § 2329.66(A)(17)?

### FACTUAL BACKGROUND

The relevant facts are simple and undisputed. Debtors John and Betty Sparks filed their Chapter 7 bankruptcy petition on November 14, 2007. On May 17, 2008,

they filed an amended Schedule B adding their 2007 federal and state tax refunds as personal property and an amended Schedule C claiming specific exemptions in those tax refunds.

The Trustee objected to most of the exemptions claimed by the Debtors in the tax refunds.[1] In particular, he objected to exemptions claimed pursuant to Ohio Rev. Code § 2329.66(A)(10)(a) (Ohio Public Employee Retirement System ("OPERS") benefits); Ohio Rev.Code § 2329.66(A)(9)(c) (Ohio unemployment compensation benefits); and Ohio Rev. Code § 2329.66(A)(17) (social security benefits and § 401(k) benefits).

According to their Joint Status Report filed on April 10, 2009 [Doc. 51], the parties now agree that the remaining disputed exemptions in the tax refund pertain to $524.28 attributable to OPERS benefits and $495.52 attributable to unemployment compensation and social security benefits. The parties do not explain the lack of reference to an exemption attributable to § 401(k) benefits, but the court shall be guided by the parties' stipulated report and shall not address that issue.

### LEGAL ANALYSIS

■ It is the Trustee's burden to prove that the Debtors are not entitled to the claimed exemptions. Fed. R. Bankr.P 4003(c). Ohio exemptions, applicable to bankruptcy proceedings, are to be construed liberally in favor of the debtor. *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147–8 (6th Cir. BAP 2006); *In re Jackson*, 348 B.R. 771, 772 (Bankr. S.D.Ohio 2006).

■ Fundamentally, the Trustee's argument is that once otherwise exempt funds are withheld and paid to the government, the funds are transformed and may only be exempted under statutory sections specifically applicable to tax refunds. He does not dispute that the refund in this case is comprised of funds directly attributable to and traceable to OPERS, unemployment compensation, and social security benefits that are entirely exempt under Ohio law. For authority supporting his position he primarily relies upon *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) and *In re Minton*, 348 B.R. 467 (Bankr.S.D.Ohio 2006).

This is precisely the same legal argument and supporting authority the Trustee relied upon in the *Cook* case. In that case, Judge Humphrey thoroughly analyzed and rejected the Trustee's argument and explained in some detail why the Trustee's reliance on *Kokoszka* and its progeny is misplaced. This court agrees with Judge Humphrey and adopts the reasoning and holding of *In re Cook*, 406 B.R. 770 (Bankr.S.D.Ohio 2009). It is unnecessary to reiterate the entire *Cook* analysis here, but the following excerpt may help to explain why the case law forming the mainstay of the Trustee's argument simply does not apply to the circumstances of the instant case:

> The Trustee relies on *Kokoszka v. Belford*, 417 U.S. 642, 651, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) in arguing that once otherwise exempt funds are transferred to the IRS and received by the Debtor in the form of a tax refund such funds are no longer exempt. In *Kokoszka*, the Supreme Court determined that a federal exemption based on "personal

---

1. The Debtors claimed exemptions in both federal and state tax refunds and the Trustee correspondingly objected to both. However, in their subsequent filings the parties some-

times refer only to a singular tax refund or simply refer to tax refunds generically. The court will follow suit and merely refer to a single generic tax refund.

earnings" is inapplicable when income is returned to a tax payer in the form of a refund. Similarly, in *In re Minton*, 348 B.R. 467 (Bankr.S.D.Ohio 2006), this court found that an analogous Ohio statute, ORC § 2329.66(A)(13), does not exempt tax refunds as "personal earnings." Apparently seeking to argue that the principle of *Kokoszka* applies to all exemptions, the Trustee's argument is that once income is paid into a government agency as a tax and received by a debtor as a refund, it no longer retains its original exempt status and simply is a tax refund for exemption analysis.

Upon careful review, the court determines that *Kokoszka* does not stand for such a sweeping principle of law and does not prohibit the application of the pertinent Ohio exemption statutes to the funds in question. In *Kokoszka*, the Supreme Court determined that a section of the Consumer Credit Protection Act, 15 U.S.C. § 1671 et seq. (the "CCPA"), limiting garnishment of "disposable earnings", did not apply to a federal income tax refund. The Court noted the purpose of the CCPA was not intended to alter "the clear purpose of the [Bankruptcy] Act." *Kokoszka v. Belford*, 417 U.S. 642, 650, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). Instead, the CCPA sought to limit garnishments which subsequently led to personal bankruptcy. *Id.* The Court found that both the language of the CCPA, using terms such as "earnings" and "disposable earnings" and the CCPA's legislative history revealed that federal tax refunds did not fall within the protection of that statute even though the funds represented by the tax refund emanated from the personal earnings of the debtor. The lower federal courts have consistently applied this principle to similar state exemption statutes which also address earnings or use similar phrasing.

Stated another way, *Kokoszka* does not stand for the principle that otherwise exempt funds are almost never exempt when returned to a debtor in the form of a traceable tax refund. Again, that decision is based on the Court's particular policy concern with a federal garnishment statute (the CCPA) being used to protect tax refunds in bankruptcy as "disposable earnings" when Congress's intent was only to protect workers from garnishment.

*In re Cook*, 406 B.R. at 776.

In *Cook*, the court correctly recognized that both *Kokoszka* and *Minton* were narrowly decided and therefore not appropriate authority to support the expansive precept that all otherwise exempt funds are transformed when withheld and subsequently returned as a tax refund. Both cases were concerned with similar statutory sections primarily intended to prevent pre-bankruptcy garnishments of wages. The statutes in both cases were devised to exempt ongoing periodic wage payments and had only limited relevance in bankruptcy. In each case, the court adhered closely to the intended purpose of the statute in question and therefore construed "personal earnings" narrowly to exclude tax refunds which, unlike wages, are nonperiodic. *Kokoszka*, 417 U.S. at 651–52, 94 S.Ct. 2431; *Minton*, 348 B.R. at 471–2.

*Kokoszka* and *Minton* are therefore of limited precedential effect, being essentially limited to specific statutes exempting personal earnings from pre-petition garnishment. Now before this court are entirely different statutory exemptions that do not have a discreet non-bankruptcy purpose and do not require an analysis of whether certain funds constitute personal earnings. The funds in this case are exempt due to their source as OPERS benefits, unemployment compensation, and so-

cial security benefits, and not because they are personal earnings.

The Trustee reluctantly acknowledges that *Cook* directly addressed and determined the issue of whether OPERS benefits are exempt when returned as a tax refund. However, he attempts to distinguish *Cook* by noting that the court there did not address unemployment compensation or social security benefits. However, the policy concerns and rationales found to be determinative in that case as applied to OPERS benefits are equally applicable to unemployment compensation and social security benefits. In *Cook*, the court first noted that the Supreme Court of Ohio has sanctioned the tracing of funds that are intended for support and maintenance. *Cook*, 406 B.R. at 776. The court then emphasized that the legislative purpose of the Ohio exemption statutes is "to protect funds intended primarily for maintenance and support of the debtor's family." *Id.* (*quoting Daugherty v. Central Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St.3d 441, 504 N.E.2d 1100, 1103 (1986)). Furthermore, the court noted that the OPERS exemption statute (Ohio Rev.Code § 145.56) was broadly written signifying an intent that the protection of OPERS benefits be "sweeping and all-encompassing," a notion further buttressed by the mandated construction of Ohio exemption provisions liberally in favor of the debtor. *Id.*, at 777–78.

Similar to the OPERS exemption statute, the Ohio statute exempting unemployment compensation is clearly designed to protect funds designated for an individual's maintenance and support and is also drafted with broad and unconditional exemption language:

> Except as permitted by Chapter 4141 of the Revised Code:
>
> (A) No agreement by an employee to waive his right to benefits is valid, nor shall benefits be assigned, released, or commuted; and
>
> Such benefits are exempt from all claims of creditors and from levy, execution, garnishment, attachment, and all other process or remedy for recovery or collection of a debt, which exemption may not be waived.

Ohio Rev.Code § 4141.32.

Likewise, it is patently obvious that the social security laws are designed to protect and promote the maintenance and support of individuals. The section of the statute exempting social security payments from the reach of creditors is broad and emphatic:

> (a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a).

In short, exempting the tax refund in this case, which is traceable to funds indisputably exempt under such state and federal statutes, is entirely in accord with the purpose of those statutes. The analysis of *Cook* applies equally to the statutes exempting OPERS benefits, unemployment compensation, and social security benefits. Furthermore, the Trustee has cited no cases or countervailing policies suggesting that a debtor should be deprived of exempt funds simply because the funds were temporarily held by taxing authorities.

█ Indeed, case law generally supports a contrary argument, the proposition that exempt funds should remain exempt if they are reasonably traceable. *See, e.g., Daugherty*, 504 N.E.2d at 1103 (exempt

funds do not lose exempt status when deposited in checking account if source of funds is known or reasonably traceable); *Alam,* 359 B.R. at 150–51 (exempt settlement funds invested in mutual fund accounts retain exempt character); *NCNB Financial Services, Inc. v. Shumate,* 829 F.Supp. 178, 180–81 (W.D.Va.1993) (social security income commingled with other funds still exempt if reasonably traceable); *Carpenter v. Ries (In re Carpenter),* 408 B.R. 244 (8th Cir. BAP 2009) (segregated social security benefits are not property of the bankruptcy estate). In this context, there is no discernable critical distinction between exempt funds held in a bank or investment account and funds retained in the U.S. Treasury and returned as a tax refund as long as those funds are reasonably traceable.

## CONCLUSION

As discussed, *Kokoszka* and *Minton* are not applicable to the situation now before the court. There is no other known case law, legislative intent, or policy consideration supporting the Trustee's legal position. Conversely, allowing the claimed exemptions and thereby maintaining the original character of the funds as retirement and employee benefits is entirely consistent with the legislative purpose to promote the maintenance and support of individuals. Consequently, the Trustee's objection to the Debtors' claimed exemptions in the tax refund is **DENIED.**

**SO ORDERED.**