**In re Lisa Ann WOOD, Debtor.**

**No. 11–10648.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Sept. 27, 2011.

Stefanie Nicole Brunemann, Cincinnati, OH, for Debtor.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTION

BETH A. BUCHANAN, Bankruptcy Judge.

The Debtor received a state and federal tax refund shortly before her bankruptcy was filed. The Debtor cashed her refund checks and spent a portion of the funds for attorney fees and costs associated with filing the Debtor's bankruptcy case. The majority of the federal tax refund was attributable to the Earned Income Credit and the Child Tax Credit, which the Debtor claims as exempt pursuant to Section 2329.66(A)(9)(g) of the Ohio Revised Code. The Chapter 7 Trustee objects to the Debtor's claim of exemption asserting that the federal tax refund lost its exempt sta-tus when the refund was converted to cash. Alternatively, the Trustee contends that the Debtor is not entitled to claim an exemption relating to the federal tax refund because the funds claimed by the Debtor as exempt are not reasonably traceable to the federal tax refund. In overruling the Chapter 7 Trustee's objection, this Court concludes that an otherwise exempt tax refund does not lose its exempt character merely because it was converted to cash. This Court further finds that the balance of the Debtor's federal tax refund remaining on hand in cash as of the filing date is traceable to the portion of the Debtor's tax refund that is exempt pursuant to Section 2329.66(A)(9)(g) of the Ohio Revised Code.

## I.  Facts and Procedural History

This matter is before this Court on the *Trustee's Objection to Exemption* [Docket Number 12] and the *Trustee's Supplemental Memorandum to Objection to Exemption* [Docket Number 20] (collectively, the *"Objection"*) filed by the Chapter 7 Trustee, Eric W. Goering (the *"Trustee"*) and the *Debtor's Response to Trustee's Objection to Exemption* [Docket Number 13] and *Debtor's Supplemental Brief to Debtor's Response to Trustee's Objection to Exemptions* [Docket Number 19] (collectively, the *"Response"*). A hearing was held on June 27, 2011. The Trustee and counsel for the Debtor appeared and presented oral argument to the Court, after which this Court took the matter under submission.

The material facts are not in dispute. The Debtor filed a petition for relief under Chapter 7 of Title 11 of the United States Code (the *"Bankruptcy Code"*) on February 4, 2011 (the *"Petition Date"*). Approximately one day prior to the Petition Date, the Debtor received a federal tax refund in the amount of $8,504 and a state

tax refund of $354. From her tax refunds, the Debtor paid her counsel $1,300 in fees and costs to file the Debtor's bankruptcy case. The Debtor states in her Response that she had $7,258 from the tax refunds remaining on hand in cash the day her bankruptcy case was filed. The Debtor's federal tax refund included a $5,666 Earned Income Credit and a $1,500 Child Tax Credit, which the Debtor claimed as exempt pursuant to Ohio Revised Code Section 2329.66(A)(9)(g). The Debtor also claimed $1,150 of her tax refunds as exempt pursuant to Ohio Revised Code Section 2329.66(A)(18) and $325 of her tax refunds as exempt pursuant to Ohio Revised Code Section 2329.66(A)(3). The Objection pertains solely to the $7,166 exemption that the Debtor claimed pursuant to Ohio Revised Code Section 2329.66(A)(9)(g).

## II. Discussion

Ohio has opted out of the federal exemptions; therefore, the exemptions available to a debtor domiciled in Ohio are based on Ohio law. *See* 11 U.S.C. § 522(b)(2); Ohio Rev.Code Ann. § 2329.66 (2011). Section 2329.66(A)(9)(g) of the Ohio Revised Code allows a debtor to exempt "[t]he person's interest in ... [p]ayments under section 24 or 32 of the 'Internal Revenue Code of 1986,' 100 Stat. 2085, 26 U.S.C. § 1, as amended." Ohio Rev.Code Ann. § 2329.66(a)(9)(g) (2011).

The Trustee concedes that the Debtor would be entitled to exempt the Earned Income Credit and Child Tax Credit components of the Debtor's federal tax refund pursuant to Section 2329.66(A)(9)(g) of the Ohio Revised Code if the tax refund had been outstanding at the time the bankruptcy case was filed. The Trustee contends, however, that the Debtor's tax refund lost its exempt characterization when the Debtor transformed the tax refund to cash.

Alternatively, the Trustee argues that the tax refund lost its exempt characterization because the funds claimed by the Debtor as exempt are not reasonably traceable to the tax refund. For the reasons stated below, the Objection is overruled.

## A. An Otherwise Exempt Tax Refund Does Not Lose It Exempt Characterization Merely Because It Was Converted to Cash.

Relying on the express text of Section 2329.66(A)(9)(g) of the Ohio Revised Code, the Trustee maintains that the Debtor may not claim an exemption for a tax refund once the tax refund has been received by the Debtor and converted to cash. Specifically, the Trustee states that the term "payments" in Section 2329.66(A)(9)(g) of the Ohio Revised Code should be interpreted to pertain to tax refund payments *owed* to a debtor and not tax refund payments *received* by a debtor. The Trustee defines "payments" to mean "delivery of money or its equivalent in either specific property or services by one person from whom it is due to another person to whom it is due." *See Trustee's Supplemental Memorandum to Objection to Exemption* at page 3 (citations omitted). Consequently, the Trustee argues, once the tax refund was delivered to the Debtor, the funds lost their exempt status.

The Trustee's narrow interpretation of Section 2329.66(A)(9)(g) of the Ohio Revised Code is not supported by the language of the statute nor is it consonant with the remedial nature of exemption statutes in affording debtors such basic necessities as are essential for a fresh start. *See, e.g., Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 148 (6th Cir. BAP 2006). "[W]hen the statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd-is to enforce it according

to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (internal quotations and citation omitted). Section 2329.66(A)(9)(g) of the Ohio Revised Code simply refers to "payments", not "payments owed" or "payments received." This Court will not read words into a statute that the legislature did not elect to include and which would serve to limit the reformative purpose of the statute.

The Trustee also relies on *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) for the similar proposition that once exempt funds are received by the debtor in the form of a tax refund and commingled with other funds of the Debtor, the funds are no longer exempt. The United States Supreme Court's holding in *Kokoszka* is inapposite to the issue before this Court.

■ In *Kokoszka*, the United States Supreme Court held that the Consumer Credit Protection Act, which limits garnishments of an individual's disposable earnings, could not be relied upon by a debtor in bankruptcy to exempt a portion of the debtor's federal income tax refund even though the source of the tax refund was derived from personal earnings. As aptly analyzed and distinguished by Judges Humphrey and Walter in *In re Cook* and *In re Sparks* respectively, *Kokoszka* does not stand for the broad tenet that all otherwise exempt funds are transformed from their exempt status when the funds are held in a different form. *See, In re Cook*, 406 B.R. 770, 776 (Bankr.S.D.Ohio 2009) ("*Kokoszka* does not stand for the principle that otherwise exempt funds are almost never exempt when returned to a debtor in the form of a traceable tax refund."); *In re Sparks*, 410 B.R. 602, 605 (Bankr.S.D.Ohio 2009) ("*Kokoszka* . . . [was] narrowly decided and therefore not

appropriate authority to support the expansive precept that all otherwise exempt funds are transformed when withheld and subsequently returned as a tax refund."). Rather, as held by the Ohio Supreme Court in *Daugherty v. Central Trust Co. of Northeastern Ohio, N.A.*, statutorily exempt funds do not lose their exempt status "so long as the source of the exempt funds is known or reasonably traceable." *Daugherty v. Central Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St.3d 441, 445, 504 N.E.2d 1100, 1103 (1986).

Accordingly, neither the statutory language of Section 2329.66(A)(9)(g) of the Ohio Revised Code nor the United States Supreme Court's decision in *Kokoszka* support the Trustee's assertion that the Debtor's tax refund lost its exempt characterization merely because the Debtor's tax refund was transformed to cash.

**B. The Cash Claimed As Exempt By The Debtor Pursuant To Section 2329.66(A)(9)(g) Of The Ohio Revised Code Is Reasonably Traceable To The Funds Received From The Tax Refund.**

■ In the alternative, the Trustee argues that the Debtor is not entitled to claim an exemption relating to the tax refund because the funds claimed by the Debtor as exempt are not reasonably traceable to the tax refund. The Trustee appears to have two primary concerns in this regard. The first concern seemingly is that the funds were held by the Debtor in cash rather than in a bank account. The Ohio Supreme Court in *Daugherty* concluded that exempt funds held by the debtor in a bank account with other non-exempt funds remained exempt provided that the funds were reasonably traceable to their exempt source. *Daugherty*, 28 Ohio St.3d at 445, 504 N.E.2d at 1103. The Trustee, however, argues that *Daugh-*

*erty* is distinguishable because the exempt funds in the instant case were held by the Debtor in cash rather than in a bank account.

■ Under the facts of this case, there is no discernable difference between exempt funds held in a bank account and exempt funds held in cash as long as the funds are reasonably traceable to their exempt source. *Cf., In re Sparks,* 410 B.R. at 607 (finding "no discernable critical distinction between exempt funds held in a bank or investment account and funds retained in the U.S. Treasury and returned as a tax refund as long as those funds are reasonably traceable"). For exempt funds to retain their exempt status once received, the relevant criteria are that: (i) the funds actually retain the qualities of moneys; (ii) the funds have not been converted into permanent investments; and, (iii) the funds are readily available as needed for support and maintenance. *See Baumgart,* 359 B.R. at 149 (citing *Porter v. Aetna Cas. & Surety Co.,* 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962)). The tax refund held by the Debtor in this case in the form of cash clearly retained the qualities of money, had not been converted into a permanent investment and were readily available as need for the Debtor's support and maintenance. The Debtor states in her Response that she did not have a bank account prior to the Petition Date (nor does she presently) into which she could have deposited the tax refund. The Debtor should not be penalized by losing the benefit of an exemption merely because she chooses not to or is unable to maintain a bank account.

■ The Trustee's second and perhaps more central concern relates to the commingled nature of the funds at issue. Specifically, the Trustee observes that the $8,504 aggregate federal tax refund was comprised of both exempt funds, consisting of the $5,666 Earned Income Credit and the $1,500 Child Tax Credit, and non-exempt funds. Since the Debtor spent a portion of the tax refund prior to the Petition Date, the Trustee asserts that it is impractical to find that the remaining balance of the tax refund maintains its exempt status.

While acknowledging the general applicability of tracing principles in instances where a debtor commingles exempt and non-exempt funds, the Trustee suggests that these principles are not applicable in this context because the funds were held in cash and not in a bank account, presumably making the tracing principles unworkable in the Trustee's view. The Trustee further asserts that it is not reasonable to determine that the Debtor's cash on hand is attributable to her tax refunds since she has not provided any accounting records concerning her cash on hand.

■■ The concept of tracing commingled funds is "an equitable substitute for the impossibility of specific identification." *United States v. Henshaw,* 388 F.3d 738, 741 (10th Cir.2004) (citation omitted). Courts must determine on a case by case basis the method of tracing commingled funds that is "best suited to achieve a fair and equitable result on the facts before them." *Id.* In doing so, "a court should consider the intent of the parties, the policy underlying the exemption, and the general rule that exemptions are to be construed in favor of the debtor." *In re Lantz,* 451 B.R. 843, 848 (Bankr.N.D.Ill. 2011).

With these ideals in mind, this Court finds that the $7,166 of cash funds that the Debtor claims as exempt pursuant to Section 2329.66(A)(9)(g) of the Ohio Revised Code are reasonably traceable to the exempt portion of the Debtor's tax return. The relative timing of the Debtor's last

pay check and the receipt of the Debtor's tax refunds coupled with the expenditure on the eve of filing for fees and costs associated with commencing the instant case logically suggest that the cash funds remaining as of the Petition Date pertain in substantial part—if not in total—to the Debtor's tax refunds. The Debtor indicated in her Response that she was unemployed as of the Petition Date and counsel for the Debtor stated at the hearing that the last pay check the Debtor received was on January 21, 2011, approximately two weeks prior to the Petition Date. In contrast, the Debtor received $8,858 in federal and state tax refunds only one day prior to the Petition Date. As of the Petition Date, the Debtor states that she had $7,258 from the tax refunds remaining on hand in cash plus $100 of other cash on hand as reflected on the Debtor's schedules.[1] The Debtor accounts for spending $1,300 of her tax refunds to pay her counsel for the fees and costs required to file the Debtor's bankruptcy case.[2] Under the facts and circumstances of this case, this is a sufficient accounting of the sources and uses of the Debtor's cash funds to conclude that the claimed exemption is reasonably traceable to the Debtor's tax refund.

The Trustee also questions whether the exempt and non-exempt components of the tax refund may have been commingled with other funds of the Debtor as further support for the Trustee's claim that none of the remaining funds retained their exempt characterization. Any commingling of the funds from the Debtor's tax refunds with other funds of the Debtor is *de minimis* and does not materially alter the analysis.

■■ This Court similarly finds in the Debtor's favor as to the Trustee's question regarding apportionment of the exempt and non-exempt components of the Debtor's tax refunds to the cash remaining on the Petition Date. Only $7,166 of the aggregate $8,858 in tax refunds was exempt pursuant to Section 2329.66(A)(9)(g) of the Ohio Revised Code, leaving a difference of $1,692. According to the Debtor's Response, the Debtor had $7,258 from her tax refunds remaining on hand in cash as of the Petition Date, meaning that the Debtor spent $1,600 of her tax refunds prior to the Petition Date.

■■ In considering how the exempt and non-exempt components of the Debtor's tax refunds should be apportioned, this Court is "[g]uided by the principle that exemptions are to be construed liberally in favor of debtors." *In re Lichtenberger,* 337 B.R. 322, 326 (Bankr.C.D.Ill. 2006); *see also, In re Wengerd,* 453 B.R. 243, 246–47 (6th Cir. BAP 2011). The purpose for most personal property exemptions "is to ensure that debtors and their families have sufficient means to support themselves through difficult times without becoming a public charge." *In re Lantz,* 451 B.R. at 848. Where "it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen." *Id.* at 848 (citations omitted). Ultimately, it is the Trustee's burden to prove that the exemption is wrongly asserted. *See* Fed. R. Bankr.P. 4003(c).

---

1. The Debtor claimed an exemption for the cash on hand pursuant to Section 2329.66(A)(3) of the Ohio Revised Code. The Trustee did not object to the Debtor's claimed exemption for the cash on hand.

2. There was no explanation as to what became of the remaining $300 balance of the Debtor's tax refunds, however, the parties did not appear to consider it material to the outcome of this matter based on the statements of counsel at the hearing.

The Debtor was unemployed on the Petition Date and her sole source of support at such time was the funds from her tax refunds that she claimed as exempt. Under the facts and circumstances of this case, the goal of the exemption statute is best effectuated by allocating the funds spent pre-petition to the portion of the Debtor's tax refund that was not exempt pursuant to Section 2329.66(A)(9)(g) of the Ohio Revised Code. Accordingly, this Court concludes that $7,166 of the Debtor's tax refunds remaining on hand in cash as of the Petition Date is traceable to the portion of the Debtor's tax refund that is exempt pursuant to Section 2329.66(A)(9)(g) of the Ohio Revised Code.[3] For the reasons stated above, the Trustee's Objection is hereby OVERRULED. The Debtor is entitled to the asserted exemption in the amount of $7,166 pursuant to Ohio Revised Code Section 2329.66(A)(9)(g).

IT IS SO ORDERED.

---

**3.** The Debtor claims $1,475 in additional exemptions pursuant Sections 2329.66(A)(3) and (18) of the Ohio Revised Code relating to the Debtor's tax refunds, which amounts are more than sufficient to cover the $92 not covered by Sections 2329.66(A)(9)(g) of the Ohio Revised Code. The Trustee did not object to the exemptions claimed on these grounds.